█ In the Matter of MURRAY SOHMER, Petitioner, v. ARTHUR E. LEVITT, as Comptroller of the State of New York, Respondent.— HERLIHY, J. Appeal from a determination by the Comptroller, pursuant to the Retirement and Social Security Law, that although the petitioner sustained an accident while in the performance of his duties, he was not physically or mentally incapacitated from the performance of such duties as a natural and proximate result of the accident. Petitioner was injured on February 7, 1961 while in the performance of his duties as a safety officer at the Manhattan State Hospital. In June, 1963 he filed an application for retirement due to physical disability. Subsequent to a hearing, his application was disapproved. There was medical testimony on behalf of the petitioner that as a result of the accident he was incapacitated from performing his duties and that he had received workmen's compensation benefits. An orthopedic surgeon testified on behalf of the respondent that as a result of his examination, he found that the petitioner was suffering from a "pronounced psychogenic overlay of a voluntary nature"; that the petitioner did not present any "organic disability" and that the injury to his lower back did not incapacitate him from the performance of his ordinary duties as a safety officer. Subdivision b of section 74 of the Retirement and Social Security Law provides that the Comptroller shall have the exclusive authority to determine all applications for retirement and section 63 (subd. a, par. 2) thereof, with reference to accidental disability retirement, provides that a member shall be entitled to benefits if "physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident". There is substantial evidence to sustain the determination that the petitioner was not physically or mentally incapacitated for the performance of his duties as safety officer as the natural and proximate result of the accident. The fact that he received workmen's compensation benefits is not binding on the Comptroller in making his determination. (See *Matter of Croshier* v. *Levitt*, 5 N Y 2d 259.) Determination confirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.