■ In the Matter of HARRY L. NOLAN, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which denied petitioner's application for accidental disability retirement benefits. While on duty as a police officer for the Village of South Nyack, New York, on March 13, 1967, petitioner received gunshot wounds to his right hand and upper right arm. Hospitalized thereafter for a period of two and one-half weeks, he returned to work on June 1, 1967 and continued working until October 17, 1973, when he left his employment as a police officer. Contending that he could no longer perform the duties of his job due to pain in the fingers of his right hand, the upper part of his right arm and his back and that his disability was caused by the 1967 wounding, he subsequently applied for accidental disability retirement benefits, pursuant to section 363 of the Retirement and Social Security Law, and his application was disapproved on March 21, 1974. He was then granted a hearing on the matter after which, on June 2, 1975, the original denial of his application was confirmed on the ground that he was not physically incapacitated so as to prevent him from performing his duties as a police patrolman or similar duties. This proceeding ensued. The central question presented for our determination is whether or not there is substantial evidence in the record to support the Comptroller's determination that petitioner was not physically incapacitated, and we hold that there is. Dr. Eichenholtz, an orthopedic surgeon who examined petitioner and was called as a witness by respondents, testified that in his medical opinion petitioner was still able to perform his customary duties and, while contrary medical evidence was presented by petitioner, the Comptroller was entitled, if he so chose, to give greater weight to Dr. Eichenholtz' testimony (Matter of Goddeau v Levitt, 56 AD2d 681). Additional support for the denial of

benefits is provided by the fact that petitioner worked for more than six years after the wounding before retiring and Dr. Eichenholtz testified that his was not a degenerative condition that would have worsened with time. Also, there is evidence indicating that petitioner retired because alternative employment was available for him. Petitioner's further arguments are likewise without merit. The Comptroller's findings were adequate enough for us to properly evaluate and review them, and it was within his discretionary power to reject hearsay evidence submitted by petitioner (see *Matter of Erdman v Ingraham,* 28 AD2d 5). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.