■ In the Matter of RAYMOND A. MOTTA, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which approved an application for ordinary disability retirement for petitioner. On June 25, 1976, an application for ordinary disability retirement requesting the retirement of petitioner, a policeman with the Village of Tarrytown, was filed with the Comptroller by the Chief of Police of the Village of Tarrytown. The application was filed without petitioner's consent, and, upon its approval by the Comptroller on February 2, 1977, petitioner, made a timely request, which was granted, for a hearing and redetermination of the application. Following the hearing, the Comptroller ultimately determined that there was substantial evidence to support the original determination that petitioner was incapacitated for the performance of his duties as a police officer and that, consequently, the approval of the retirement application should be

sustained. This proceeding ensued. Initially, we cannot agree with petitioner's contention that there is no substantial evidence in the record to support the Comptroller's finding that petitioner was incapacitated for the performance of his duties. Dr. Roy E. Kinsey, who examined petitioner, reported to the retirement system in a letter dated January 21, 1977 that, in view of petitioner's hypertensive cardiovascular disease, it would be detrimental to his health and well being for him to perform certain of the more exertive duties required of him as a police officer. Additionally, there is further evidence that during the six-year period from 1971 through 1976 petitioner was absent from work on sick leave for 225 full days and 45 part days, and petitioner himself testified that approximately 40% of his extraordinarily high number of absences was attributable to his high blood pressure condition. Taken together, these factors plainly provide ample evidentiary support for the challenged determination. Petitioner's remaining contentions are similarly lacking in merit. Clearly, the hearing officer did not abuse his discretion in refusing to admit a hearsay medical report into evidence upon timely objection thereto by counsel for respondents (see *Matter of Nolan v Comptroller of State of N. Y.,* 59 AD2d 799), and other similar reports were admitted only at the request of petitioner's counsel and upon agreement between the parties. As for the hearing itself, nothing in the record indicates that it was not fairly conducted, and although there was a conflict in the medical evidence presented, the hearing officer properly sustained the Comptroller's initial approval of the retirement application upon finding that there was substantial evidentiary support therefor (cf. *Matter of D'Alessandro v Levitt,* 59 AD2d 967; *Matter of Clark v Levitt,* 50 AD2d 695, mot for lv to app den 38 NY2d 711). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.