■ In the Matter of ANGELA DEMBROSKY, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which awarded death benefits to respondent Barbara Rogers upon the death of Thomas Dembrosky.

Thomas Dembrosky died on April 7, 1986, survived by respondent Barbara Rogers, his sister; petitioner, his estranged wife; and Erin Dembrosky, his daughter. Decedent became a member of respondent New York State Employees' Retirement System in November 1979, almost four years after separating from his wife and daughter. Prior to his death, decedent had his sister manage his financial affairs and named her payee of his Social Security disability payments. Shortly after he died, Rogers inquired of the Retirement System about the existence of any death benefit and attests that in the course of one of several telephone conversations had with a Retirement System representative, she was told that she was designated as the death benefit beneficiary. Subsequently, decedent's Retirement System file was lost. George Myers, a benefits examiner employed by the Retirement System, remembers having spoken on the telephone with Rogers and also having decedent's file, but does not presently recall the beneficiary's name or having advised Rogers that she was the beneficiary, though giving her that information would not have been unusual under the circumstances. When Rogers was informed that because the file had been misplaced the death benefit would go to decedent's estate, she requested a hearing pursuant to Retirement and Social Security Law § 74. Following the hearing, the Comptroller, by his duly designated Hearing Officer, found Rogers had indeed been the named beneficiary. Petitioner then commenced this CPLR article 78 proceeding to challenge that determination, arguing that substantial evidence to support that decision was lacking and, further, given the absence of a written nomination form designating Rogers as beneficiary, that the Comptroller did not have authority under Retirement and Social Security Law § 60 (c) to award a death benefit to other than decedent's estate.

The determination at issue relies primarily upon the hearsay testimony recounted by Rogers. It is now beyond question that an agency may base a determination upon hearsay alone (see, *People ex rel. Vega v Smith*, 66 NY2d 130, 139); but there is more here. Roger's testimony is bolstered by the fact that she testified from notes made contemporaneously with her conversations with Myers. Moreover, her version is more consistent with the record evidence than is petitioner's, which asserts that decedent named petitioner as beneficiary for the purpose of caring for their daughter, despite the fact that decedent's contact with his daughter was infrequent.

As for the requirements of Retirement and Social Security

Law § 60 (c), that statute merely prescribes that the nomination occur in a duly acknowledged writing, and be filed with the Comptroller. While Rogers, through no fault of her own, has been unable to produce that document, she has proven its existence and content sufficiently to justify the Retirement System's determination that the statute was satisfied.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.