■ In the Matter of MAUREEN SULLIVAN, as Surviving Spouse and Lawfully Designated Beneficiary of MICHAEL SULLIVAN, Deceased, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, espondent. [615 NYS2d 117] — White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied the application of petitioner's deceased for disability retirement benefits.

Michael Sullivan (hereinafter decedent), while employed by the City of Yonkers as a Water Plant Operator, was involved in an automobile accident on April 24, 1987 in which he sustained contusions of the scalp, neck and musculoskeletal strains. Thereafter, on February 15, 1989, decedent filed an application for disability retirement benefits in which he alleged that he was disabled because of orthopedic problems resulting from the automobile accident. Even though the New York State and Local Employees' Retirement System found decedent disabled, it disapproved the application finding that the disability was not the natural and proximate result of the automobile accident. Following a hearing on decedent's request for redetermination, respondent also denied the application for the same reason. Petitioner then commenced this CPLR article 78 proceeding seeking a judgment annulling respondent's determination.

Unless the record shows that respondent's determination on the issue of causal relationship is not supported by substantial evidence, it will not be disturbed (see, Matter of Paront v New York State Empls. Retirement Sys., 205 AD2d 1008). Here, petitioner's expert diagnosed decedent as suffering from marked diabetic amyotrophy as well as neuropathy. He causally related these conditions to the automobile accident by referring to what he acknowledged was not a fully accepted theory. According to this theory, the stress of the accident caused decedent's body to produce an antibody that attacked the insulin-producing T-cells in his pancreas, thereby precipitating the diabetic neuropathy and amyotrophy conditions. The diagnosis of the Retirement System's physician was that decedent had a severe and progressive peripheral polyneuropathy condition caused by diabetes and amyloidosis. In his opinion this condition was not related to the automobile accident since, based on his experience and the medical litera-

ture, trauma of the magnitude sustained by decedent does not cause polyneuropathy or initiate an immune response that would direct antibodies against the pancreas.

When, as here, respondent is faced with conflicting medical opinions, he has the exclusive authority to evaluate the conflicting evidence and to accord greater weight to the testimony of one physician over another *(see, Matter of Torres v New York State Comptroller,* 192 AD2d 861; *Matter of Ramseur v Regan,* 154 AD2d 869). Therefore, because the opinion of the Retirement System's physician provides substantial evidence for respondent's determination, it must be confirmed *(see, Matter of Leo v Regan,* 115 AD2d 104).

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.