■ In the Matter of KENNETH ARIMENTO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [621 NYS2d 409] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications

for accidental and performance of duty disability retirement benefits.

On July 9, 1991, petitioner applied for both performance of duty disability retirement benefits and accidental disability retirement benefits. The applications were disapproved on January 2, 1992 based on the finding that petitioner was not permanently disabled from the performance of his duties. A hearing was thereafter held on petitioner's applications (see, Retirement and Social Security Law § 374 [a]).

It was disclosed at the hearing that petitioner sustained two falls in the course of his duties. On September 17, 1990, while fighting a fire, he slipped on some round object and fell backward down a flight of stairs sustaining head and neck pain. He returned to full duty on October 23, 1990. On February 23, 1991 he was injured again when a fire hose charged with full water uncurled and struck petitioner above the right eye with its coupling, causing him to fall and to lose consciousness. Petitioner sought disability benefits based on his inability to work because of a back injury.

Respondent held that petitioner did not sustain his burden of proving that his back injury was the natural and proximate result of either the incident of September 17, 1990 or the incident of February 23, 1991, and denied him accidental and performance of duty disability retirement benefits. This proceeding ensued to review that determination.

There must be an annulment. We note prefatorily that this matter is uniquely different from the usual dispute between experts as to causation of injury in which respondent is within his authority to elect between differing medical opinions. Here, on the other hand, the physicians testifying for petitioner, Simon Gottfried, his general physician, and Surinder Jindal, a neurologist, as well as Stanley Mandell, a neurologist and the expert for the New York State and Local Employees' Retirement System (hereinafter Retirement System), all concur that petitioner's lumbosacral injury was the proximate result of the events of February 23, 1991 and that petitioner had, as a result, become totally disabled.

Jindal testified that based on MRI and EMG tests, he found that petitioner had a herniated disc at the L4 and L5 levels and had undergone denervation changes at the L4-5 and L5-S1 levels. He further indicated that petitioner was unable to perform the climbing, bending, lifting, pulling and pushing activities required in his work.

Mandell, who was not aware of the strenuous physical

activities required of petitioner and had presupposed that they were merely supervisory, admitted on cross-examination that petitioner's injuries would preclude him from physically exerting tasks. The duties of a fire lieutenant, the position petitioner held, were testified to by the fire chief of petitioner's company and were not otherwise contested by other evidence.

It is without question that it is the employee's burden *(see,* State Administrative Procedure Act § 306 [1]) of demonstrating a disability which precludes the performance of his duties, and to show that "incapacitation * * * [is] the natural and proximate result of an accident or disability sustained while in service" *(Matter of Robinson v New York State & Local Police & Fire Retirement Sys.,* 192 AD2d 951; *see,* Retirement and Social Security Law § 363 [a] [1]; § 363-c [b] [1]). It is also true that respondent is "vested with exclusive authority to evaluate conflicting medical evidence" *(Matter of Infelice v New York State Policemen's & Firemen's Retirement Sys.,* 149 AD2d 847, 849). This Court must resolve any reasonable doubt in favor of an administrative finding and decision *(see, Matter of Town of Henrietta v Department of Envtl. Conservation,* 76 AD2d 215, 224). Accepting these premises, we nonetheless find that respondent's determination should be annulled as it is not supported by substantial evidence.

Petitioner has established that the event of February 23, 1991 based on the medical opinion of experts for both petitioner and the Retirement System caused his present condition and that his condition incapacitates him from performing his duties. The only evidence in the record on the issue of causation were the opinions of the physicians for both petitioner and the Retirement System, both of whom clearly connect his disability to the incident of February 23, 1991.* There is simply no evidence to the contrary in the record and respondent's conclusions are therefore not supported by substantial evidence.

Respondent disallowed disability benefits to petitioner based on his failure to produce eyewitnesses to attest to the fact that petitioner was hurled some distance by the strength of the hitting motion of the charged hose. Information regarding this matter surfaced first in Jindal's report to Gottfried. Petitioner had told Jindal that after he was hit in the head, he fell to

---

* Mandell, the Retirement System's expert, also included the incident of September 17, 1990 as causative of petitioner's disability. However, petitioner has indicated that he had totally recovered from the September 17, 1990 incident.

the ground and became unconscious and that his fellow fire-fighters told him that the impact with the charged hose propelled his body some 15 to 20 feet, causing him to hit the side step of the nearby fire wagon. Eyewitness testimony on the matter, while certainly helpful to petitioner's case, was not crucial (see, State Administrative Procedure Act § 306). In view of the otherwise ample evidence in the record connecting the February 23, 1991 incident to his injury and permanent disability, petitioner has met his burden of proof.

Respondent also curiously seeks some basis for buttressing his opinion by alleging that petitioner failed to prove disability as demonstrated by Mandell's admittedly flawed initial testimony that petitioner's duties were largely supervisory and not strenuous. Respondent concluded, against the weight of all the evidence on the issue, that petitioner's duties were supervisory in nature. Such a conclusion cannot stand. It is unchallenged that the nature of petitioner's duties were physically strenuous. Mandell, in answer to a hypothetical question which assumed the exertive nature of petitioner's duties as testified to by his fire chief, unqualifiedly indicated that petitioner was disabled from such duties.

Respondent also attempts to seize upon general testimony offered by petitioner's doctors about the nature of degenerative disease vis-à-vis disability to support his position of no causation. Both Jindal and Gottfried, however, clearly indicated that petitioner's condition was not degenerative but the result of a bulging disc with attendant nerve damage, and Mandell, the Retirement System's physician, concurred.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.