■ In the Matter of EMILY KELLER, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. [622 NYS2d

612] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a receptionist, alleges that she sustained injuries when she slipped and fell on wet pavement while walking through a garage in an underground walkway during the performance of her duties. Her application to respondent New York State and Local Employees' Retirement System for accidental disability retirement benefits was denied on the ground that she was not permanently disabled. After a request for a review and redetermination, respondent Comptroller concluded, following three administrative hearings, that petitioner had not suffered an accident within the meaning of the Retirement and Social Security Law. It was further determined that her fall was not causally related to her injuries and that she was not permanently unable to perform her duties as a receptionist. Petitioner commenced this CPLR article 78 proceeding contending that the determination was not supported by substantial evidence.

We note that although the application was initially denied upon a finding that she was not permanently incapacitated, it is well established that in order to be entitled to benefits, petitioner bears the burden of establishing that she suffered an accident within the meaning of the Retirement and Social Security Law, that she is permanently incapable of resuming her employment duties, and that such disability is causally related to her fall (see, e.g., Matter of Longendyke v Regan, 195 AD2d 695; Matter of DiFede v Regan, 130 AD2d 832; Matter of Finnegan v Regan, 116 AD2d 878). Hence, since the Comptroller is vested with "exclusive authority" to determine all applications for retirement benefits (see, Matter of Leone v Regan, 146 AD2d 869; Matter of Augustine v Regan, 81 AD2d 708; Matter of Schack v Levitt, 65 AD2d 881), he was not estopped from raising any defense thereto at any time (see, Matter of Augustine v Regan, supra). We further note that as to the manner in which the accident occurred, petitioner testified in detail as to such facts and did not object to the introduction of this evidence until the Retirement System attempted to explore such facts upon cross-examination. Accordingly, we find that the Hearing Officer committed no procedural error in allowing the Retirement System to raise such issue at the hearing (see, Matter of Schack v Levitt, supra).

Petitioner's contention that the Hearing Officer improperly excluded the introduction of the findings of permanent disability rendered by both the Workers' Compensation Board and Social Security Administration is similarly rejected since "an administrative determination under one statute is not binding on another agency when the same question arises under another statute" *(Matter of Dickstein v State Tax Commn.,* 67 AD2d 1033, 1034; *see, Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924, *lv denied* 80 NY2d 754; *Matter of Leone v Regan, supra).* Therefore, the Hearing Officer was not obligated to accept the introduction of such findings at the hearing before him *(see, Matter of Snyder v New York State Empl. Retirement Sys.,* 43 AD2d 871, *lv denied* 34 NY2d 519; *Matter of Sohmer v Levitt,* 23 AD2d 714). We note further that the Hearing Officer did not abuse his discretion in refusing to admit a hearsay report containing medical conclusions as to the permanency of petitioner's disability *(see, Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.,* 68 AD2d 994; *Matter of Nolan v Comptroller of State of N. Y.,* 59 AD2d 799) and that any further procedural irregularities noted by petitioner have been reviewed by us and found to be without merit.

Addressing the Comptroller's determination to deny petitioner accidental disability retirement benefits, it is well settled that the Comptroller "is responsible for construing the terms of the Retirement and Social Security Law, constructions of which must be upheld if not unreasonable * * *. It is equally well settled that the Comptroller's determinations must be upheld if supported by substantial evidence" *(Matter of Cassidy v Regan,* 160 AD2d 1210, 1211 [citations omitted]). We find that petitioner testified that her duties regularly required that she pick up photograph requests which necessitated her to regularly walk through the garage where she fell. On the date of the alleged injury, it is uncontested that the garage was wet and slick as a result of a rainstorm. Petitioner acknowledges being warned by a maintenance worker to be careful due to the wet floor and petitioner acknowledges that she thereafter proceeded with caution. Petitioner further acknowledges that the maintenance man held her arm while she was walking to avoid falling.

It is axiomatic that an "accident" within the meaning of the Retirement and Social Security Law § 63 "contemplates a sudden fortuitous mischance which is out of the ordinary and injurious in impact" *(Matter of Smith v New York State & Local Retirement Sys.,* 199 AD2d 763, 764), and that "an

injury which occurs without an unexpected event as the result of an act undertaken in the performance of ordinary employment duties is not an accidental injury" *(supra,* at 764-765; *see, Matter of McCambridge v McGuire,* 62 NY2d 563; *Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010). We find that there is substantial evidence in the record to support the Comptroller's determination that petitioner did not meet her burden of proving that she suffered an accident within the meaning of the Retirement and Social Security Law, whether due to a slip on the wet surface *(see, Matter of Covel v New York State Empls. Retirement Sys.,* 84 AD2d 902, *lv denied* 55 NY2d 606) or a "misstep" when her heel was allegedly caught in a drain regularly in her path *(see, Matter of Seim v Regan,* 191 AD2d 931; *Matter of Dering v Regan,* 177 AD2d 931, *lv denied* 80 NY2d 751; *Matter of Chambers v Regan,* 125 AD2d 920).

Moreover, were we to reach the issue of permanency, we would uphold the Comptroller's finding that petitioner was not permanently unable to perform her duties as a receptionist.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.