■ In the Matter of GLORIA LYNCH, Appellant, v H. CARL McCALL, as State Comptroller of the State of New York, Re-

spondent. [628 NYS2d 854] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 27, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

It is undisputed that petitioner was injured on May 8, 1985 while on duty as a Correction Officer at Albion Correctional Facility in Orleans County. Petitioner thereafter filed a timely application for accidental disability retirement benefits pursuant to Retirement and Social Security Law §§ 507 and 507-a. The initial application was disapproved and upon petitioner's request for a hearing and a redetermination, respondent concluded that petitioner failed to prove that the injury to her back, neck and arm were caused by the May 8, 1985 incident or that she was permanently incapacitated by the incident. Supreme Court dismissed petitioner's CPLR article 78 proceeding as time barred and further concluded that the petition had no factual merit. Petitioner appeals.

Initially, we note that the record indicates, and respondent now concedes, that the proceeding was timely commenced within four months of service of respondent's determination. Petitioner's only remaining contention, as so limited by her brief, is that respondent erred "in concluding that the May 1985 incident was not an accident" within the meaning of Retirement and Social Security Law § 605. Respondent, however, made no such finding; the denial of petitioner's application was based solely upon petitioner's failure to establish causation and permanency with respect to her injuries. The key issue is not whether an accident occurred, but whether respondent's determination is supported by substantial evidence (see, Matter of Coulter v Regan, 101 AD2d 923, 924). After a careful review of the record, we agree with Supreme Court that respondent's "conclusions regarding causation and permanency were sufficient to deny the application". We conclude that respondent's determination is supported by substantial evidence (see, Matter of Sullivan v Regan, 206 AD2d 788; see also, Matter of Paront v New York State Empls. Retirement Sys., 205 AD2d 1008). Accordingly, we affirm the dismissal of the petition.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.