■ In the Matter of GARY MALACYNSKI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [633 NYS2d 633] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for disability retirement benefits.

The discrete issue here is whether substantial evidence supports respondent's determination that petitioner is not permanently incapacitated from the performance of his duties as a tree pruner.

Petitioner was injured on April 24, 1990 in a work-related motor vehicle accident. On June 28, 1991 he filed an application for accidental disability retirement benefits under Retirement and Social Security Law § 63. The application was considered to be pursuant to Retirement and Social Security Law § 605 since petitioner was a Tier Four member of the Retirement System and not eligible for Retirement and Social Security Law § 63 benefits. The application was initially disapproved on a finding that petitioner is not incapacitated from the performance of his duties. An administrative hearing was held on petitioner's application and the Hearing Officer held that petitioner failed to prove incapacitation and permanency. The Hearing Officer found petitioner's testimony not to be credible and further rejected the conclusions reached by petitioner's medical experts, Russell Cecil and Brian Bilfield,

in view of their weak and unconvincing nature, accepting rather the medical opinion of the State's expert, John Dolan, who found no disability. The Hearing Officer concluded that medical opinions offered by petitioner to sustain his claim were based solely on petitioner's subjective complaints, which he rejected, and that petitioner's claim must be rejected absent any objective findings to support it. The Hearing Officer noted, in reaching his decision, that all medical experts indicated that petitioner had a preexisting medical condition not caused by the accident.

Petitioner must establish that he sustained a permanent injury that prevents him from performing his job (*see, Matter of Rossiello v Regan*, 203 AD2d 868). It is the Hearing Officer's prerogative to determine which testimony to credit, if any (*see, Matter of Longendyke v Regan*, 195 AD2d 695). A review of the record reveals that the administrative determination is supported by substantial evidence and should be upheld. We reject petitioner's contentions of error as to respondent's failure to personally sign the determination, first raised on appeal, as improperly raised and, therefore, not necessitating our consideration (*see, Matter of Kenner v Coughlin*, 105 AD2d 1130, 1131, *lv denied, lv dismissed* 65 NY2d 603, 760). If we were to consider it, we would find it without merit (*see,* Retirement and Social Security Law § 74 [b]).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.