■ In the Matter of GLORIA HAMLET, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [634 NYS2d 889] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Disagreeing with respondents' initial determination that she was ineligible for accidental disability retirement benefits, petitioner requested a hearing at which she chose to proceed upon the medical evidence which had been before respondents' medical review board. Finding that the medical records failed to demonstrate that petitioner could not perform her job duties and concluding that the medical reports did not establish permanency, respondent Comptroller denied the application. Petitioner commenced this proceeding contending that the determination was not supported by substantial evidence. We disagree and confirm the determination.

The burden of persuasion was on petitioner to establish her disability (*see, Matter of Caltabiano v New York State Employees' Retirement Sys.*, 135 AD2d 113). While medical evidence existed which could support a finding of permanent disability, there was ample evidence in the record to support the contrary conclusion. Respondents' medical expert, Leon Sultan, a board-certified orthopedic surgeon, examined petitioner and her medical records as submitted to respondents. In a medical report setting forth his findings, Sultan stated that he found no significant functional impairment of petitioner and her ability to perform her job functions. The Comptroller was free to credit one physician's observations and opinion over those of another (*see, Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.*, 156 AD2d 888) in his exclusive authority to evaluate conflicting medical evidence (*see, Matter of Huether v Regan* 169 AD2d 907, *lv denied* 77 NY2d 808).

We find no merit to petitioner's contention that the determination was improperly based upon hearsay evidence. An agency may base a determination on hearsay evidence alone (*see, Matter of Dembrosky v New York State Employees' Retirement Sys.*, 145 AD2d 707, 708; *Matter of Odierno v Regan*, 135 AD2d 898). It must be noted that all of the medical evidence in this matter consisted of written reports and records submitted at the request of petitioner with respondents' consent. As the Comptroller's determination was supported by substantial evidence, it must be upheld.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.