■ In the Matter of PAMELA FERGUSON, Petitioner, v H. CARL MCCALL, as New York State Comptroller, Respondent. [644 NYS2d 842] —Yesawich Jr., J.

Petitioner was employed as a correction officer at Downstate Correctional Facility in Ulster County where she was assigned to the kitchen, supervising the work of 40 inmates. She injured her back on April 22, 1991 when, on her way to work, she slipped on wet pavement and fell. In July 1991, petitioner filed an application for disability retirement benefits under Retirement and Social Security Law § 507-a, asserting that the injuries she suffered as the result of her fall had rendered her permanently incapacitated and unable to perform her duties as a correction officer. Petitioner's application was denied.

A hearing was subsequently held before an Administrative Law Judge, resulting in the denial of petitioner's application on the ground that she had failed to sustain her burden of proving that she is permanently incapacitated from performing the duties of her employment. Petitioner then commenced this CPLR article 78 proceeding.

The hearing transcript discloses a conflict in the testimony of the two medical experts who testified at the hearing. Respondent's expert, orthopedic surgeon Jay Winokur, testified that petitioner had a normal range of motion of the back and had sustained no neurological impairment. He concluded that petitioner was not permanently disabled but was able to return to her employment. Robert Strange, a licensed chiropractor who had been treating petitioner since her fall, testified that because of injury to the lumbosacral area of her back, petitioner is permanently incapacitated and would be unable to resume her duties as a correction officer.

Where, as here, the medical evidence is conflicting, it lies within respondent's authority to credit the opinion of one expert over that of another (see, Matter of Longendyke v Regan, 195 AD2d 695, 696; Matter of Ellison v Regan, 189 AD2d 1076, 1077, lv denied 81 NY2d 709). Respondent found Winokur's testimony to be the more credible, and his considered opinion that petitioner did not suffer a permanent disability furnished substantial evidence for the determination under review (see, Matter of Lynch v McCall, 216 AD2d 824, 825, lv denied 86 NY2d 710).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.