■ In the Matter of MICHAEL ACHATZ, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [657 NYS2d 521] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a firefighter for the City of Buffalo Fire Department, applied for accidental and performance of duty disability retirement benefits after allegedly sustaining a lower back injury on March 28, 1992, when he fell on his buttocks while shoveling snow outside of a fire house. Following a hearing, the applications were disapproved based upon a finding that petitioner was not permanently incapacitated for the performance of his duties; the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

There is substantial evidence in the record to support the Comptroller's determination that petitioner failed to sustain his burden of proving that he is permanently incapacitated from performing his duties as a firefighter. The record testimony of William Rogers, an orthopedist who appeared as an expert witness on behalf of respondent New York State and Local Police and Fire Retirement System, established that, based upon his examination of petitioner and his review of various medical reports and an MRI, there were no signs of nerve root irritation or compression, no significant objective abnormalities, and normal flexion. Accordingly, despite petitioner's subjective complaints of pain and tenderness, Rogers found no basis to conclude that petitioner was physically incapacitated or that he could not perform the duties of a firefighter. Although the testimony of petitioner's treating physician conflicted with that of Rogers, we recognize that the exclusive authority to evaluate conflicting medical evidence vests in the Comptroller, who is free to accept or reject one

medical opinion over another (*see, Matter of Lopez v McCall*, 236 AD2d 690, 691; *Matter of Paeno v McCall*, 235 AD2d 766, 767; *Matter of Arimento v McCall*, 211 AD2d 958, 960). Accordingly, Rogers' medical opinion constitutes substantial evidence supporting the determination, which we now confirm.

As to petitioner's remaining contentions, we do not find that the Hearing Officer abused his discretion in precluding petitioner from testifying as to the benefits he was receiving from the Social Security Administration. The Hearing Officer is not bound by any determination made by the Social Security Administration (*see, Matter of Keller v Regan*, 212 AD2d 856, 858). Nor do we find that the Hearing Officer erred in refusing to admit into evidence hearsay medical progress reports by a nontestifying treating physician where counsel for the Retirement System would have been denied the opportunity to cross-examine this physician regarding the findings contained therein (*see, id.*, at 858).

Having concluded that the determination, which is based on a finding that petitioner failed to prove that he was physically incapacitated from performing his duties, is supported by substantial evidence, we need not reach petitioner's remaining argument that his injury occurred as a result of an accident (*see*, Retirement and Social Security Law § 363 [a]).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.