◼ In the Matter of JOANNE PIETRICONE, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [664 NYS2d 643] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner began working for the City of Niagara Falls in Niagara County in December 1977. She subsequently developed carpal tunnel syndrome in each of her wrists and underwent surgery in December 1990 and August 1991 to relieve this condition. Petitioner continued to experience problems and left her position as a senior account clerk in February or March 1992. In August 1992, she filed an application for ordinary disability retirement benefits with respondent New York State and Local Employees' Retirement System. Following a hearing at which expert medical testimony was introduced by petitioner as well as the Retirement System, respondent Comptroller denied her application on the basis that she was not permanently incapacitated for the performance of her duties. Petitioner then commenced this CPLR article 78 proceeding challenging this determination.

We confirm. Based upon our review of the record, we find that substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated for the performance of her duties as a senior account clerk (see, Matter of Keller v Regan, 212 AD2d 856, 858). Gaspare Alfano, the neurologist who testified on behalf of the Retirement System, stated that his examination of petitioner revealed diffuse severe functional weakness in all of the muscle groups tested, but no consistent or persistent tenderness or complaints of pain or numbness. He stated that the results of nerve conduction studies were normal and there was an absence of swelling or any symptoms that would indicate residual carpal tunnel syndrome. Alfano was unable to arrive at a neurological diagnosis for petitioner's condition and opined that she was not permanently incapacitated for performing the duties of a senior account clerk.

Petitioner's family physician, John Dyster, gave a contrary opinion. He testified that he treated petitioner from September 1987 through September 1993, during which time he referred her to a specialist for surgeries to correct carpal tunnel syndrome. He stated that after the surgeries, petitioner

experienced decreased strength in biceps, triceps, hand grips and wrists, which continued during flexion, extension and ulnar radial deviation, as well as a subjective decrease with pin prick in both hands. While Dyster acknowledged that there were no objective signs of petitioner's affliction, he stated that petitioner continued to experience pain in her hands. He diagnosed her with post-carpal tunnel syndrome and myofascial pain syndrome, which he stated rendered her permanently incapacitated for the performance of her duties as a senior account clerk. Inasmuch as the Comptroller was free to accept Alfano's opinion over Dyster's opinion (*see, Matter of Achatz v New York State & Local Police & Fire Retirement Sys.*, 239 AD2d 857, 857-858; *Matter of Foster v McCall*, 238 AD2d 642; *Matter of Sloan v McCall*, 238 AD2d 666), we find no reason to disturb his determination. We have considered petitioner's remaining claims and find them either unpreserved for our review or lacking in merit.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.