■ In the Matter of CITY OF SCHENECTADY, on Behalf of KEVIN J. COKER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [666 NYS2d 754] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits for Kevin J. Coker.

In June 1992, petitioner applied for accidental and performance of duty disability retirement benefits on behalf of its employee, Kevin J. Coker, based upon injuries Coker allegedly sustained to his neck and back during the course of his duties as a police officer. The applications were disapproved upon a

finding that Coker was not permanently incapacitated for the performance of his duties. A timely request for a hearing and redetermination of the disapprovals was made. At the hearing it was revealed that Coker sustained injuries in at least four separate occupational accidents over a four-year period that involved injuries to his neck and back.* Coker returned to work after each injury following a brief recovery period and did not cease working entirely until 1992, when he claimed that the back pain resulting from the accidents permanently incapacitated him. Following the hearing, the Hearing Officer determined that Coker was not permanently disabled and respondent upheld that finding. This CPLR article 78 proceeding followed.

There is substantial evidence in the record to support respondent's determination that petitioner failed to sustain his burden of proving that he is permanently incapacitated from performing his duties as a police officer (see, Matter of Achatz v New York State & Local Police & Fire Retirement. Sys., 239 AD2d 857; Matter of Ferguson v McCall, 228 AD2d 1002; Matter of Longendyke v Regan, 195 AD2d 695, 696). The uncontroverted medical proof offered at the hearing established that, at the time of the claim for disability retirement benefits, Coker suffered from a mild degenerative disc disease and mild disc bulging. Thus, in the absence of a dispute over causation, the only issue to resolve was whether Coker's medically documented spine degeneration permanently disabled him from his employment.

Notably, Coker testified that he experienced continuing neck and lower back pain and limited range of motion following his various occupational injuries. In support of Coker's complaints of pain, petitioner offered the testimony of an orthopedic surgeon, Anthony Guidarelli, who treated Coker in connection with all four incidents beginning in 1985. Guidarelli initially diagnosed Coker as having sustained soft-tissue back injuries, namely cervical and lumbar strain. Concluding that Coker's injuries were primarily muscular, Guidarelli recommended heat and physical therapy treatment for several years until X

---

* Petitioner had initially claimed benefits in connection with approximately 15 separate accidents, but only attempted to prove six of those accidents in this proceeding. However, Coker could only recall the details of four of these accidents; the first in April 1985, when he was run off the road by a fleeing suspect and drove into a parked car; the next in December 1987, when a gang of individuals beat him with baseball bats during an arrest attempt; a February 1989 incident when a suspect kicked him down a flight of stairs; and, finally, a March 1989 incident in which his vehicle was struck from behind during a high-speed chase.

rays and magnetic resonance imaging (MRI) revealed that Coker was developing mild degenerative disc disease of the cervical spine. Coker continued to complain of pain and, suspecting that he might be suffering from a nerve root injury, Guidarelli referred him to neurologist Philip Marra. However, the examination and tests which Marra performed revealed no evidence of nerve root impingement or other neurological injury. Nevertheless, Guidarelli, taking into consideration, *inter alia*, Coker's objectively documented degenerative spine changes, testified that Coker was disabled from an orthopedic point of view and permanently disabled from resuming his employment duties.

Along with Guidarelli, petitioner presented, *inter alia*, testimony from Dominic Belmonte, an occupational physician, who testified that Coker was permanently disabled from performing his job duties even though an objective *neurological* explanation for his pain was lacking. Neurologist Neil Lava, who testified on behalf of the New York State and Local Policemen's and Firemen's Retirement System, performed a complete neurological examination of Coker in 1993. Lava found no evidence of nerve root impingement, spinal cord compression or other neurological explanation for Coker's complaints of pain and limited range of motion.

It was within respondent's exclusive authority to evaluate the medical evidence and the credibility of witnesses, and to make a rational decision to reject the opinion of one medical expert over another (*see, Matter of Cole v McCall*, 231 AD2d 775; *Matter of Arimento v McCall*, 211 AD2d 958, 960). Although petitioner challenges respondent's view that the opinions of petitioner's experts were based largely upon Coker's subjective complaints of pain, the medical testimony which respondent credited provided support for the finding that Coker was not permanently disabled from performing his employment duties (*see, Matter of Hamlet v McCall*, 222 AD2d 883).

We do not agree with petitioner's argument that because Guidarelli, an orthopedist, was an expert in a different medical discipline than the expert neurologists, respondent was required to adopt his opinion that Coker was disabled. In our view, respondent still had the responsibility to determine whether Coker had a condition that disabled him from his employment based on an evaluation of all the medical testimony (*see, e.g., Matter of Harvey v McCall*, 237 AD2d 863, 863-864; *Matter of Orsini v McCall*, 221 AD2d 690, 691; *Matter of Leone v Regan*, 146 AD2d 869). Therefore, respondent had the discretion to limit the weight given to the expert opinion of

Guidarelli and Belmonte and accept the opinion of Lava given respondent's finding that Coker's subjective complaints of pain were not credible and the apparent reliance given to these complaints by the orthopedist and the occupational physician (*see, Matter of Malacynski v McCall*, 221 AD2d 764, 764-765). Given the record as a whole, we conclude that the challenged determination is supported by substantial evidence, even though there is other evidence that would support a contrary result (*see, Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793).

Petitioner's remaining arguments have been examined and found to be without merit. Contrary to petitioner's argument, respondent's findings of fact were sufficient to permit "adequate judicial review following the determination" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 396). Moreover, Coker was not deprived of a full and fair hearing by virtue of the Hearing Officer's denial of petitioner's request to call neurologist Daniel Silverman as an expert rebuttal witness. Since petitioner, presumably for tactical reasons (*see, Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810), chose not to take advantage of the opportunity to call Silverman on its direct case (*see,* 2 NYCRR 317.4 [a]), the denial of its request to call Silverman as a rebuttal witness was not an abuse of the Hearing's Officer's discretion.

Mercure, Casey and Peters, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

Unlike the classic conflict in medical opinion on the question of a petitioner's total disability from work-related accidents, the resolution of which the court leaves to respondent (*see, Matter of Cole v McCall*, 231 AD2d 775), we are confronted in this matter by a different situation. Respondent, in rejecting the claim for disability retirement, based his determination on the opinion of Neil Lava, a neurologist who found no disability of Kevin J. Coker based on neurological grounds only. Petitioner's own physician, Anthony Guidarelli, and the City of Schenectady's police physician, Dominic Belmonte, on the other hand, concluded that Coker was totally and permanently disabled based on orthopedic abnormalities. They found that Coker had permanent alterations in his spine resulting in limited function of the neck, back, both arms and legs, which prevented him from performing the duties of a police officer. Respondent's decision, crediting the opinion of Lava as opposed to the opinions of Belmonte and Guidarelli, found the latter two opinions to be based on petitioner's "self-serving claims of subjective symptoms".

Respondent's determination should be annulled in that it is not supported by substantial evidence and is further compromised by the Hearing Officer's evidentiary rulings. Addressing first the adequacy of the medical opinion on which the respondent's determination is based, it is to be noted that Lava conducted a limited physical examination of Coker, of some 45 minutes in duration. It was limited to a neurological evaluation. Lava found Coker to be "neurologically normal". He, however, candidly admitted the limitations of the examination, indicating that he focused only on his own field of expertise. Lava admitted that he was not competent to comment on whether Coker was disabled from an orthopedic or neurosurgical point of view. Revealingly, he testified that his own limited examination was based on a myelogram conducted in either 1988 or 1991 (he was not permitted by the Retirement System to use such technique to verify Coker's current situation). Lava testified that no "definite" nerve root impingement was revealed in the test. He verified, however, that various MRIs conducted on Coker indicated diffuse bulging discs in his lumbar area at L3-4 to L5-S1 and the presence of osteophytes (bony outgrowths) at multiple levels in the cervical spine and a slight compression on the ventral sac. It is these manifestations of objective evidence of disability identified by Lava which were relied on by Guidarelli and Belmonte in finding Coker totally disabled and that his disability was work related. Contrary to respondent's unsubstantiated conclusion that Coker's complaints were largely subjective, the record discloses to the contrary, that is, that Coker's complaints were objectively verifiable. The testimony of Lava was inadequate to support respondent's determination.

Finally, I find that the evidentiary rulings of the Hearing Officer impaired Coker's right to a fair hearing. Lava testified that he used the report of Daniel Silverman, a neurologist, together with other medical reports, to come to his evaluation of no neurological deficit. When petitioner was foreclosed from cross-examining Lava regarding the accuracy of his assumptions by use of Silverman's report, Coker's request to call Silverman in rebuttal was denied by the Hearing Officer. A fundamental requirement of a fair trial includes an opportunity to offer rebuttal. Though in administrative hearings technical rules of evidence need not be met, no essential element of a fair trial can be dispensed with (*see, Matter of Sowa v Looney*, 23 NY2d 329). In view of the fact that Coker was claiming disability based on orthopedic problems, the interjection by respondent of a neurological basis in disproving disability should have entitled petitioner to address the issue by rebuttal evi-

dence (*see generally*, *Mater of Simpson v Wolansky*, 38 NY2d 391, 395).

Accordingly, I would annul and remit for further consideration of petitioner's application.

Adjudged that the determination is confirmed, without costs, and petition dismissed.