■ In the Matter of ARTHUR JOHNSEN, Petitioner, v NEW YORK STATE POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [667 NYS2d 798] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a police officer with the Suffolk County Police Department until his retirement in October 1991. Thereafter, petitioner applied for accidental disability retirement benefits based upon three automobile accidents occurring in April 1972, August 1976 and November 1981 resulting in back and neck injuries. Respondent Comptroller denied his application on the ground that petitioner was not permanently incapacitated as a result of any of the accidents set forth in his application. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

Initially, we find no error in the Comptroller relying upon

medical reports submitted into evidence. Robert Roth, the physician who examined petitioner and reviewed X-rays of petitioner's neck and back on behalf of respondent New York State Police and Fire Retirement System, refused to appear or testify at the hearing. Petitioner refused the Retirement System's offer to be examined by another physician, choosing instead to consent to Roth's written medical reports being received into evidence in lieu of Roth's testimony. We find that this was a tactical decision on the part of petitioner (*see, Matter of Gray v Adduci*, 73 NY2d 741, 743; *Matter of Kinlock v New York State & Local Empls. Retirement Sys.*, 237 AD2d 810; *cf., Matter of Achatz v New York State & Local Police & Fire Retirement Sys.*, 239 AD2d 857; *Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.*, 68 AD2d 994).

Our review of the record reveals that substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated. Based upon his examination of petitioner and review of the MRIs, Roth opined that petitioner suffers from osteoarthritic changes in his neck and back caused by aging and arthritis. He further opined that petitioner is neither disabled by this condition nor is there any disability resulting from the accidents alleged in his application for disability benefits. The expert medical witnesses who testified on behalf of petitioner disagreed with Roth's medical reports and opined that his condition was the result of trauma sustained in the three accidents. They further testified that petitioner was totally disabled from performing the duties of a police officer. Here, the Comptroller was still free to credit one medical opinion over that of another (*see, Matter of Torella v New York State & Local Retirement Sys.*, 236 AD2d 684, *lv denied* 89 NY2d 816; *Matter of Hamlet v McCall*, 222 AD2d 883), notwithstanding the fact that the Retirement System relied upon the written reports of Roth rather than presenting medical testimony.

The record also reveals that petitioner, after very brief absences, returned to full active duty following each of these accidents. Petitioner remained on full-duty assignment, with the exception of 2½ weeks of light duty, until his retirement in October 1991. The record also establishes that in 1990 and 1991, petitioner worked 812 hours of overtime and used a total of 12 days for injury leave and 18 sick days. Although petitioner allegedly sustained an injury in January 1990 while lifting a resuscitator from his vehicle, he failed to allege such incident in his application for disability retirement benefits. Inasmuch

as an administrative determination can be based upon hearsay alone (see, *Matter of Hamlet v McCall, supra*), we conclude that the documentary medical evidence coupled with petitioner's own testimony constitutes substantial evidence to support the denial of petitioner's application for accidental disability retirement benefits, even though evidence in the record could support a contrary result (see, *Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, *lv denied* 80 NY2d 754).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.