█ In the Matter of ARLENE M. ROCKWELL, Petitioner, v STATE OF NEW YORK et al., Respondents. [671 NYS2d 792] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner left her employment as a home health aide due to persistent pain which she experienced in her lower back, legs and feet. She subsequently applied to respondent New York State and Local Employees' Retirement System (hereinafter the Retirement System) for ordinary disability retirement benefits. Following a hearing, respondent Comptroller denied petitioner's application on the ground that she had failed to

demonstrate that she was permanently incapacitated from performing the duties of a home health aide. Petitioner commenced this CPLR article 78 proceeding challenging the determination on the basis that it is arbitrary and capricious and not supported by substantial evidence.

We confirm. In support of her application, petitioner offered the testimony of two physicians, Nabil Aziz and Patrick Riccardi, both of whom had treated her for persistent pain. Aziz, a neurologist, initially diagnosed petitioner with degenerative joint disease of the lumbosacral spine with muscle strain. As her symptoms worsened, however, he suspected that she might have fibromyalgia and referred her to Riccardi, a rheumatologist. Riccardi confirmed that petitioner suffered from degenerative arthritis as well as fibromyalgia. He noted that, with the exception of soft tissue tenderness, there was no objective evidence of fibromyalgia. Both Riccardi and Aziz opined that petitioner was permanently incapacitated from performing the duties of a home health aide.

In contrast, Daniel Elstein, an orthopedic surgeon who also treated petitioner, testified that he successfully treated petitioner for heel spurs and that his examination and testing of her did not reveal any significant limitations. In fact, he rejected the other physicians' diagnosis of fibromyalgia and opined that petitioner was not permanently incapacitated from performing the duties of a home health aide. Inasmuch as it is within the Comptroller's authority to weigh conflicting medical testimony (see, Matter of City of Schenectady [Coker] v McCall, 245 AD2d 708, 710; Matter of Pietricone v McCall, 243 AD2d 929, 930, lv denied 91 NY2d 804; Matter of Bilodeau v McCall, 240 AD2d 844), he could certainly choose to credit Elstein's testimony over the other physicians. In view of this, we find that the determination is neither arbitrary nor capricious and is supported by substantial evidence in the record.

Mikoll, Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.