■ In the Matter of JOYCE A. AMODEO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [684 NYS2d 41] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner filed an application with the State and Local Employees' Retirement System for disability retirement benefits after she was attacked and injured during the course of her employment as a community residence aide for the County of Saratoga. Petitioner alleged that she sustained a permanent disabling back injury. After two hearings that were held in 1993, petitioner's application was denied upon her failure to establish that she was permanently incapacitated. Her request for a rehearing was denied and petitioner then commenced this CPLR article 78 proceeding challenging the administrative determination that denied her application for benefits.

We confirm. Substantial evidence supports, respondent's determination that petitioner failed to sustain her burden of demonstrating that she was entitled to disability retirement benefits (*see, Matter of Guerra v McCall*, 255 AD2d 684; *Matter of Mayo v McCall*, 253 AD2d 977; *Matter of Rockwell v State of New York*, 249 AD2d 764; *Matter of Sloan v McCall*, 238 AD2d 666). John Dolan, a specialist in orthopedic surgery who examined petitioner and testified on behalf of the Retirement System, concluded that based upon his familiarity with the requirements of petitioner's occupation, petitioner should not be considered permanently disabled from her occupation as a disability aide. An MRI was done on her lumbar spine and, according to Dolan, it was "unremarkable". While petitioner's two doctors testified that petitioner was permanently disabled, the Hearing Officer was entitled to credit the testimony of one medical expert over that of another (*see, Matter of Sloan v Mc-*

*Call, supra; Matter of Ferguson v McCall*, 228 AD2d 1002; *Matter of Harr v State of New York*, 222 AD2d 926; *Matter of Prudente v McCall*, 218 AD2d 896).

Moreover, the Hearing Officer properly refused to allow petitioner to introduce on rebuttal a report of a second MRI that was taken after the first hearing and before the second hearing, which report was completed approximately two years after the injury had been sustained. The reports constituted hearsay evidence which petitioner attempted to introduce after the close of her direct case. Petitioner wanted to cross-examine Dolan with the second MRI report; however, the reports were not in existence at the time that Dolan examined petitioner and could not be used to impeach Dolan. Under these circumstances, the Hearing Officer did not abuse his discretion by refusing to consider this hearsay evidence (*see, Matter of Keller v Regan*, 212 AD2d 856, 858; *Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.*, 68 AD2d 994).

Furthermore, the Social Security Administration's determination to the contrary is not binding in this application for disability retirement benefits and does not mandate a different result (*see, Matter of Keller v Regan, supra*, at 857).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.