■ In the Matter of FRANCINE GALGANO, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [691 NYS2d 621] —Crew III, J. P. Proceeding pur-

suant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner, formerly employed as a school nurse, allegedly sustained a disabling back injury on April 22, 1992 when, while attempting to catheterize a student, the student suddenly grabbed petitioner by the arm and pulled her forward. Prior to this incident, petitioner had undergone spinal fusion surgery in 1990 for a preexisting spinal condition. Although petitioner continued to work for a brief period of time following the April 1992 incident, she subsequently stopped working upon the recommendation of her treating physician and, ultimately, applied for accidental disability retirement benefits. Petitioner's application was denied and the matter proceeded to a hearing, during the course of which medical testimony was offered on behalf of petitioner and respondent New York State and Local Employees' Retirement System. Respondent Comptroller thereafter denied petitioner's request for accidental disability retirement benefits, finding that petitioner failed to establish that the April 1992 incident either caused a new spinal condition to arise or aggravated petitioner's preexisting spinal condition to the point that she was permanently incapacitated as a result thereof. This proceeding ensued.

Based upon our review of the record as a whole, we cannot say that the Comptroller's determination is not supported by substantial evidence. Although petitioner indeed offered medical testimony to substantiate her claim that she was permanently disabled and that such disability was attributable, in part, to the April 1992 incident, the Retirement System's expert reached a contrary conclusion, thereby presenting a conflict in the medical evidence for the Hearing Officer to resolve (*see, e.g., Matter of Amodeo v McCall*, 257 AD2d 872; *Matter of Senecal v McCall*, 252 AD2d 630, 631). Petitioner's remaining contentions, including her assertion that the Hearing Officer abused his discretion by failing to admit into evidence hearsay reports authored by a nontestifying physician regarding the nature and permanency of petitioner's disability (*see, Matter of Keller v Regan*, 212 AD2d 856, 858), have been examined and found to be lacking in merit.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.