In the Matter of FRANK CIPRIANI, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [711 NYS2d 606] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for ordinary and accidental disability retirement benefits.

On August 31, 1993 petitioner, a fire lieutenant, allegedly stumbled on a large piece of slag stone while dragging a three-inch line through a field in an attempt to extinguish a fire. As a result of this incident, petitioner purportedly sustained an injury to his left Achilles tendon. Petitioner's subsequent applications for ordinary and accidental disability retirement benefits were disapproved by respondent Comptroller in June 1996, prompting petitioner to request a hearing. Following such hearing, petitioner's respective applications for retire-

ment benefits were denied based upon petitioner's failure to demonstrate that he was permanently incapacitated from the performance of his duties. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge the Comptroller's determination.

Based upon our review of the record as a whole, we cannot say that the Comptroller's determination is not supported by substantial evidence. William Rogers, the orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Police and Fire Retirement System, attributed the atrophy in petitioner's left calf and petitioner's complaint of weakness in his left foot to a 1964 rupture of petitioner's left Achilles tendon, which required surgical intervention. Although Rogers agreed that petitioner indeed suffered from a permanent partial disability, Rogers was of the view that such disability was caused by the 1964 Achilles tendon rupture and, in any event, did not permanently incapacitate petitioner from the performance of his duties. To the extent that petitioner's orthopedic surgeon testified that petitioner was in fact permanently incapacitated from the performance of his duties due to the traumatic Achilles tendonitis that petitioner sustained as the result of the 1993 injury, this presented a conflict in the medical evidence for the Comptroller to resolve (*see, Matter of Jones v McCall*, 271 AD2d 901; *Matter of Galgano v New York State & Local Employees' Retirement Sys.*, 262 AD2d 728, 729).

As to petitioner's remaining arguments—that the August 1993 incident constituted an "accident" within the meaning of Retirement and Social Security Law § 363 and that such accident was the proximate cause of petitioner's injury and resulting disability—we need note only that the Comptroller's determination was based solely upon petitioner's failure to demonstrate that he was permanently incapacitated from the performance of his duties. The Comptroller's determination is, therefore, confirmed.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.