■ In the Matter of LINDA I. GABRIELSEN, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Re-

spondent. [728 NYS2d 594] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer with the Town of Bedford Police Department in Westchester County, had applications for accidental and performance of duty disability retirement benefits filed on her behalf by the Town in December 1995 as a result of an exacerbation of a preexisting low back injury that she suffered on November 15, 1993 in an automobile accident. Both applications were initially denied on multiple grounds, prompting petitioner's appeal to respondent pursuant to Retirement and Social Security Law § 74 (d). Following a hearing, respondent denied petitioner's applications, finding that she failed to sustain her burden of proving that she was permanently incapacitated from the performance of her duties as a police officer. Petitioner filed this CPLR article 78 proceeding challenging respondent's determination which was transferred to this Court pursuant to CPLR 7804 (g).

Respondent has the "exclusive authority to determine all applications for any form of retirement" (Retirement and Social Security Law § 74 [b]) and those determinations must be upheld if supported by substantial evidence (*see, Matter of Amodeo v McCall*, 257 AD2d 872; *Matter of Motta v New York State Policemen's & Firemen's Retirement Sys.*, 68 AD2d 994, 995). Respondent's medical expert, orthopedic surgeon Eric Zitzmann, testified that he examined petitioner, performed a number of physical tests during his examination, reviewed her diagnostic test results and found no objective evidence to substantiate her complaint of continued pain, no objective evidence of pathology and no objective evidence of permanent disability. Based on those examinations, tests and findings, he opined that petitioner was not permanently incapacitated from the performance of her duties as a police officer.

Zitzmann provided an "articulated, rational and fact-based medical opinion" (*Matter of Harper v McCall*, 277 AD2d 589, citing *Matter of Meyer v Board of Trustees*, 90 NY2d 139, 147-148; *see, Matter of Kavakos v McCall*, 251 AD2d 857, 858, *lv denied* 92 NY2d 812) regarding petitioner's physical condition, which respondent accepted over the contrary opinions of the two doctors who testified on behalf of petitioner (*see, Matter of Harper v McCall, supra*, at 589; *Matter of DeCarolis v McCall*, 272 AD2d 824, 825; *Matter of Conklin v McCall*, 261 AD2d

751, 752; *Matter of City of Schenectady [Coker] v McCall*, 245 AD2d 708, 710; *Matter of Nopper v McCall*, 222 AD2d 884, 885). This resolution of conflicting medical opinions by respondent finds a substantial basis in the record (*see, Matter of Giebner v McCall*, 270 AD2d 705, 706; *Matter of Conklin v McCall*, *supra*), even though they may also support a contrary result (*see, Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793).

We have examined petitioner's remaining arguments and find them to be without merit.

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.