■ In the Matter of BEVERLY TEDLA, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent, made following a hearing pursuant to section 74 of the Retirement and Social Security Law, which denied petitioner's application for accidental disability retirement. In October of 1975, the petitioner was employed by the Hoch Psychiatric Center in Brentwood, New York, as a mental hygiene therapy aide. On October 3, 1975, as she was supervising a group of patients at the Freeport Public Library, one of the library employees was carrying out a film strip projector the cover of which struck the petitioner and knocked her to the floor. Two days later, with the occurrence of acute pain in her neck and shoulder, the petitioner was hospitalized. When X rays proved negative, she was given medication for pain and discharged in the care of her family physician. Thereafter, she received varied and extensive treatment, and on February 11, 1976, though still undergoing treatment, filed an application for accidental disability retirement benefits with the New York State Employees' Retirement System. The Comptroller, after finding that the petitioner was not permanently incapacitated for the performance of duty as mental hygiene therapy aide or for similar duties, disapproved the application. Petitioner filed a request for hearing and a redetermination pursuant to section 74 of the Retirement and Social Security Law. After extensive hearings, the application was again denied. The petitioner takes no issue with the long and well-established rules which provide that when there is substantial evidence to support the Comptroller's decision, his judgment must be accepted (*Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Caci v Levitt,* 62 AD2d 1101) and that where the record contains conflicting medical testimony the Comptroller's evaluation of such testimony will be accepted by this court (*Matter of Yank v Levitt,* 60 AD2d 665; *Matter of Nolan v Comptroller of State of N. Y.,* 59 AD2d 799). Rather, she contends solely that the record is devoid of the substantial evidence necessary to support the Comptroller's final determination. We disagree. Dr. Kuchner testified that the petitioner had suffered disc injury through compression of nerve roots in the level of C-5-6 area. He conceded definite improvement in both "her complaints and in her physical examination" and that her last neurological examination was negative. He asserted, however, that she could not perform the duties of a mental hygiene therapy aide because "she has a high likelihood of a recurrence of the herniated disc". The respondent's examining orthopedic surgeon rendered a contrary opinion and testified unequivocally that petitioner could carry out the duties of her position without any prejudice to her future wellbeing. Petitioner asserts, *inter alia,* that respondent's medical expert only made an examination which preceded later available tests and medical records and that, therefore, his opinion was not based upon the completed

medical record. While this contention is true to a degree, the record shows that the respondent's doctor had available and used voluminous medical records and the X-ray reports and that he conducted a thorough physical examination, including a neuromuscular examination before rendering his decision. The Comptroller has authority to accord greater weight to the opinion of one doctor over another *(Matter of Nolan v Comptroller of State of N. Y., supra; Matter of Goddeau v Levitt,* 56 AD2d 681). Since the respondent's doctor's testimony provides substantial support for the Comptroller's determination, it should be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.