■ In the Matter of RICHARD J. AUGUSTINE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a teacher at the Elmira Correctional Facility, while leaving work in July of 1970, slipped on the exit stairs fracturing his right femur and left arm. Petitioner had previously fractured his right femur in 1964, at which time a nail was placed inside the thighbone. Petitioner returned to work in September of 1971 and continued until April of 1976 when increasing difficulty with his right leg caused him to

withdraw. An appliction for accidental disability retirement, filed in September of 1975, was initially denied on the grounds no permanent incapacity existed and the accident was not work related. Following a hearing, the Comptroller determined that the accident did occur in the course of petitioner's duties and directed a further hearing on the question of permanent disability. At the subsequent hearings, respondent for the first time asserted that no causal relationship existed. The Comptroller found that petitioner was physically incapacitated, but held that the incapacity was not a natural and proximate result of the 1970 accident. This article 78 proceeding ensued. Petitioner contends that the Comptroller's determination is not supported by medical evidence, and that the untimely assertion of a new defense was prejudicial. We disagree. Petitioner had the burden of proving causal relationship and respondent was not estopped to raise lack thereof as a defense *(Matter of Schack v Levitt,* 65 AD2d 881). Since the Comptroller has "exclusive authority to determine all applications for any form of retirement" (Retirement and Social Security Law, § 74, subd b), his determination on the issue of causal relationship will not be disturbed if supported by substantial evidence *(Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Croshier v Levitt,* 5 NY2d 259). Testimony in the record substantiates that petitioner had a pre-existing condition (nonunion of a fracture of the right femur) at the time of the 1970 accident. Petitioner's orthopedic surgeon, on cross-examination, testified that the 1970 fracture was completely healed and the present condition might be the result of the prior injury. Respondent's expert unequivocally attributed disability directly to the 1964 injury. While conflicting medical testimony was presented, the Comptroller may accord greater weight to the opinion of one doctor over another *(Matter of Currie v Town of Davenport,* 37 NY2d 472; *Matter of Tedla v New York State Employees' Retirement System,* 70 AD2d 962). The Comptroller's evaluation of the medical testimony is controlling *(Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927; *Matter of Matthews v Regan,* 69 AD2d 970). The Comptroller's determination is supported by substantial medical testimony and should be affirmed *(Matter of Demma v Levitt, supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.