■ In the Matter of WALTER BROCKING, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was employed as a head custodian for a school district. In 1979, while 59 years old, he filed an application for accidental disability retirement with respondent, alleging that he was incapacitated from performing his duties as a result of an accident which occurred on October 11, 1977 when he fell off a six-foot ladder at work. The Comptroller ultimately denied petitioner's application on the ground that petitioner's permanent disability was not the natural and proximate result of his October 11, 1977 accident. This transferred CPLR article 78 proceeding to challenge that determination ensued. The sole issue raised in this proceeding is whether the

---

Comptroller's determination that petitioner's present disability is not the natural and proximate result of his employment injury is supported by substantial evidence. The record contains nothing more than a conflict in medical testimony. While petitioner's physician concluded that petitioner's disability was a result of the October 11, 1977 accident, the retirement system's physician testified that it was speculative to attribute petitioner's disability to the accident and found it consistent with the degeneration of petitioner's prior osteoarthritic condition. The resolution of conflicting medical testimony is a matter for the Comptroller (*Matter of Augustine v Regan*, 81 AD2d 708). In light of the testimony of the retirement system's physician, which the Comptroller was free to accord greater weight than that of petitioner's physician, we cannot say that the determination finding that petitioner failed to demonstrate his entitlement to an accidental disability retirement is not supported by substantial evidence. Accordingly, the determination denying petitioner's application must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.