■ In the Matter of THOMAS C. MAHAN, JR., Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental and performance of duty disability retirement benefits.

Petitioner filed an application for accidental and performance of duty disability retirement benefits with respondent on August 25, 1987. Petitioner contended that in the course of his duties as firefighter on January 17, 1985, while descending a flight of stairs, he tripped and fell on a landing at a firehouse in the City of Albany, that his removal to a hospital by ambulance was required and that due to his injuries he was absent from work for a month thereafter. He returned to full duty for approximately 10 months, followed by an absence of approximately six months, followed by light duty due to lower back pain, and he retired in July 1988. Following a hearing held pursuant to Retirement and Social Security Law § 374, petitioner's application was denied on the ground that his incapacitation was not the natural and proximate result of an accident sustained, or the result of a disability sustained, in service pursuant to Retirement and Social Security Law §§ 363 and 363-c.

The evidence at the hearing revealed that although petitioner had claimed he had no back injuries prior to January

17, 1985, he acknowledged prior back injuries on September 5, 1975, September 16, 1975, January 8, 1977, an undisclosed injury in 1983, an injury subsequent to January 17, 1985, i.e., on July 4, 1985, and another in August 1986, when confronted with the records. The medical opinion given by Dr. William Kite in support of petitioner's application opined that petitioner's fall on January 17, 1985 was the competent producing cause of his disability. The medical opinion of Dr. James Holmblad for respondent was to the contrary, and stated that the January 17, 1985 incident was not the competent producing cause of petitioner's full disability. The latter doctor's opinion was that petitioner's condition was of long standing and resulted from the multiplicity of back injuries, rather than from the incident of January 17, 1985 alone. The Hearing Officer credited the opinion of Dr. Holmblad and found that petitioner had not sustained his burden of proof. Petitioner's return to full duty for 10 months after the January 17, 1985 incident was found significant. Additionally, petitioner failed to give both doctors a full and complete history of his prior injuries.

Since substantial evidence supports the determination that petitioner's fall on January 17, 1985 was not the natural and proximate cause of his disability, the determination denying petitioner's application for accidental and performance of duty disability retirement benefits must be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.