■ In the Matter of CHARLES LAMPHRON, Petitioner, v EDWARD V. REGAN, as New York State Comptroller, et al., Respondents. [595 NYS2d 124] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner applied for accidental and performance of duty disability retirement benefits in January 1988. It is not disputed that petitioner is permanently incapacitated from his full firefighting duties because of the condition of his right wrist. At issue is whether his disability was due to a long degenerative process as a result of a prior injury or whether it was the result of any of three incidents occurring in 1973 while he was performing his duties.

Respondent Comptroller is vested with exclusive authority to evaluate conflicting medical evidence in determining applications for retirement benefits and is free to accord greater weight to the testimony of one physician over another (see, Matter of Infelice v New York State Policemen's & Firemen's Retirement Sys., 149 AD2d 847, 849; Matter of Legault v Regan, 105 AD2d 505, 506). Petitioner's physician testified that the January 2, 1973 incident aggravated petitioner's preexisting condition and resulted in his permanent disability. The physician testifying for respondent State and Local Police and Fire Retirement System, however, opined that none of the incidents were significant enough to produce a lasting change in petitioner's condition and that they did not in any way cause petitioner's permanent incapacity; it was his view that the January 1973 incident was merely a temporary aggravation of petitioner's previous condition. The Hearing Officer credited the latter's testimony and found that petitioner did not sustain his burden of proof. Because substantial evidence supports the determination that the three incidents were not the natural and proximate cause of petitioner's disability, the denial of petitioner's applications for accidental and performance of duty disability retirement benefits must be upheld (see, Matter of Mahan v New York State & Local Police & Fire Retirement Sys., 161 AD2d 881; Matter of Heavey v Regan, 161 AD2d 917). Petitioner's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.