██ In the Matter of GEORGE J. PARONT, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. [613 NYS2d 791] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, an employee of the Division of Military and Naval Affairs, apparently sustained a herniated disc when he fell off a ladder while engaged in the performance of his duties. Thereafter, petitioner applied for accidental disability retirement benefits claiming that the fall precipitated the latent effects of an underlying lead poisoning condition, thereby rendering him permanently disabled. Even though respondent conceded that petitioner was permanently disabled

and that his fall off the ladder was an accident within the meaning of the Retirement and Social Security Law, the Comptroller, following a hearing, denied the application finding that petitioner's disability was not the natural and proximate result of his fall. Petitioner then commenced this CPLR article 78 proceeding seeking a judgment annulling the Comptroller's determination and awarding him accidental disability retirement benefits.

The Comptroller's determination on the issue of causal relationship will not be disturbed if supported by substantial evidence (see, Matter of Augustine v Regan, 81 AD2d 708). Here, the record shows that the consensus of the medical experts who examined petitioner is that his disability is due to peroneal neuropathy caused by lead poisoning. Although petitioner claims that the Comptroller ignored the effects of his herniated disc on his ability to perform his duties, the examining orthopedist opined that petitioner's fall is not the cause of his permanent disability because his symptoms "are almost classical of a neuropathy". Lastly, aside from petitioner's conjectural arguments, there is nothing in the record to substantiate his claim that the fall precipitated the development of his latent lead poisoning condition. Considering this proof, we find that there is substantial evidence supporting the Comptroller's determination. Accordingly, we shall dismiss the petition.

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.