■ In the Matter of RICHARD MUSILLI, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [701 NYS2d 513] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In August 1990, petitioner twisted his left knee while descending a staircase during the performance of his duties as a firefighter. Petitioner, who suffered from a history of knee injuries and progressive degenerative knee conditions, subsequently received arthroscopic and reconstructive surgery on his left knee in order to repair torn cartilage and a preexisting ligament injury. He returned to work in the spring of 1991 and

performed light-duty assignments until August 1991, when he fell down a staircase at his residence and severed the reconstructed ligament. Petitioner subsequently applied for performance of duty disability retirement benefits alleging that his permanent disability, which the parties do not dispute has incapacitated petitioner from performing his full firefighting duties,* resulted from the August 1990 incident. Respondent Comptroller denied the application, prompting petitioner to commence this CPLR article 78 proceeding challenging the determination.

There is substantial evidence in the record to support the Comptroller's conclusion that petitioner failed to sustain his burden of proving that his permanent disability was the natural and proximate result of the August 1990 incident (*see, Matter of Paeno v McCall*, 235 AD2d 766; *Matter of Keller v Regan*, 212 AD2d 856). Petitioner's history of knee problems began in 1966 and included a number of injuries to and surgeries on both knees, as well as mild osteoarthritis and other abnormalities which appeared in 1989 X rays of both of petitioner's knees. Moreover, the orthopedic surgeon who examined petitioner on behalf of respondent New York State Local Police and Fire Retirement System attributed petitioner's disability to a longstanding, progressive degenerative process in his knee which was caused by a ligament deficiency that preceded the August 1990 accident. According to petitioner's orthopedic surgeon, petitioner was capable of returning to work wearing a leg brace following the 1990 surgeries and was not incapacitated from performing his full firefighting duties until after the August 1991 fall.

In light of this evidence, we perceive no reason to disturb the Comptroller's determination that the August 1990 incident was not the proximate and natural cause of petitioner's disability (*see, Matter of Longendyke v Regan*, 195 AD2d 695; *Matter of Lamphron v Regan*, 191 AD2d 894). Petitioner's contention that the August 1990 incident aggravated his preexisting condition does not mandate a contrary conclusion inasmuch as the record fails to indicate that any such aggravation caused his present permanent disability (*see, Matter of Lamphron v Regan, supra*).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur.

---

* Although petitioner returned to light-duty work in May 1992, respondents do not contend that this precludes his claim for performance of duty disability retirement benefits.

Adjudged that the determination is confirmed, without costs, and petition dismissed.