■ In the Matter of MICHAEL C. SEPANARA, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [708 NYS2d 187] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

In April 1995, petitioner was working as a police officer for the City of Johnstown in Fulton County when he stumbled and fell on a broken piece of asphalt in an eroding parking lot, allegedly sustaining neck, wrist and back injuries. Thereafter, petitioner filed applications for accidental and performance of duty disability retirement benefits alleging that he is permanently incapacitated from performing his employment duties (see, Retirement and Social Security Law §§ 363, 363-c). At the hearing petitioner testified and the parties elected to rely upon medical records. Respondent conceded all issues except for causation. The Comptroller thereafter denied petitioner's applications on the ground that petitioner's disability was not proximately caused by the April 1995 accident but was the sole result of a preexisting degenerative back condition. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination and we confirm.

The record contains substantial evidence to support the Comptroller's determination that petitioner failed to sustain his burden of proving that his permanent disability was the natural and proximate result of the April 1995 accident (see, Matter of Musilli v New York State & Local Police & Fire Retirement Sys., 268 AD2d 788, 789; Matter of Dembinski v Regan, 210 AD2d 724). The record indicates that petitioner began experiencing neck and shoulder pain in the 1980s and was diagnosed with degenerative cervical abnormalities and arthritis in his neck as early as 1988. Moreover, both the neurologist and the orthopedic surgeon who examined petitioner and reviewed his medical history on behalf of respondent submitted reports in which they opined that petitioner's chronic degenerative disc disease and arthritis of the cervical spine were the sole cause of petitioner's disability and that these conditions were completely unrelated to the April 1995 accident. According to the orthopedic surgeon, both of petitioner's degenerative conditions had been symptomatic prior to the April 1995 accident and were not aggravated by that accident.

Although the record also contains medical evidence which would support a finding of causation, it was within the Comptroller's authority to evaluate the conflicting medical opinions and to resolve the dispute by according greater weight to the considered opinions offered by respondent's experts than to those offered by the other experts (*see, Matter of Ferguson v McCall*, 228 AD2d 1002; *Matter of Troidl v McCall*, 212 AD2d 930; *Matter of Sullivan v Regan*, 206 AD2d 788). Because respondent's determination on the issue of causal relationship is supported by substantial evidence, it will not be disturbed.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.