■ In the Matter of SAMUEL CLEMONS, Petitioner, v H. CARL McCALL, as State Comptroller of the New York State and Local Police and Fire Retirement System, Respondent. [710 NYS2d 708] —Graffeo, J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

On July 4, 1981, petitioner, a police officer, allegedly sustained a back injury when he was pushed backwards off a curb and onto a police car while attempting to arrest a suspect. In 1995, petitioner applied for accidental and performance of duty disability retirement benefits alleging that the July 4, 1981 incident aggravated a previously asymptomatic spine condition to the point of permanent disability. The New York State and Local Police and Fire Retirement System conceded that petitioner was permanently incapacitated from performing his duties; nonetheless, respondent denied the applications on the ground that petitioner's disability was not the natural and proximate result of the July 4, 1981 incident. Petitioner commenced this CPLR article 78 proceeding contending that the determination is not supported by substantial evidence.

We disagree. Leon Sultan, the orthopedic surgeon who evaluated petitioner on behalf of the Retirement System, testified that he diagnosed petitioner as suffering from progressive degenerative hypertrophic and disc disease in the lower lumbar region. Sultan examined petitioner two months after his surgery in 1996 and reviewed a series of petitioner's diagnostic test results for the period from 1982 through 1994 and concluded that the progressive degenerative changes revealed therein could be attributable to age and stress-related changes rather than to some traumatic event. In Sultan's opinion, which respondent credited, petitioner experienced a minor sprain during the July 4, 1981 incident and his disabling condition would have developed even if the incident had never occurred. In our view, this testimony constituted substantial evidence to support respondent's determination that the July 4, 1981 incident was not the natural and proximate cause of petitioner's disability (*see, Matter of Musilli v New York State & Local Police & Fire Retirement Sys.*, 268 AD2d 788; *Matter of Longendyke v Regan*, 195 AD2d 695). Although petitioner's orthopedic surgeon testified that the July 4, 1981 incident aggravated petitioner's preexisting spondylolisthesis, it was within respondent's authority to evaluate the conflicting medical evidence and to credit the opinion of Sultan over that of petitioner's expert (*see, Matter of Condo v McCall*, 269 AD2d 676, 677; *Matter of Arnold v McCall*, 259 AD2d 830, 831).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.