■ In the Matter of JOHN J. HILSON, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [790 NYS2d 773]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as a firefighter and later as a fire investigator for the City of Albany Fire Department. On September 29, 1996, in conjunction with a fire investigation, he was using a heavy crowbar-like tool to open a door when the tool fell back onto his left knee, injuring it. Thereafter, petitioner sought medical treatment, which included cortisone injections, pain medications, physical therapy and ultimately arthroscopic surgery in October 1997. The condition of his knee, however, worsened even after he returned to a light-duty assignment in November 1998. He filed an application for accidental disability retirement benefits in October 1999. Following various proceedings, the application was ultimately denied by respondent Comptroller on the ground that the September 29, 1996 accident was not the natural and proximate cause of petitioner's disability. This CPLR article 78 proceeding ensued.

Initially, we note that the Comptroller is vested with the exclusive authority to decide applications for disability retirement benefits and, in such capacity, is empowered to resolve conflicts in the medical testimony (see Matter of Occhipinti v McCall, 305 AD2d 924, 925 [2003]). Notably, "[t]he Comptroller's determination on the issue of causal relationship will not be disturbed if supported by substantial evidence" (Matter of Paront v New York State Employees' Retirement Sys., 205 AD2d

1008, 1009 [1994]). Here, conflicting medical evidence was presented concerning the natural and proximate result of petitioner's disability, with the Comptroller choosing to credit the opinion of orthopedic surgeon Louis Benton over the other physicians. Benton agreed with the other physicians that petitioner was permanently disabled from performing the duties of his position, but was of the view that such disability was attributable to advanced degenerative arthritis in petitioner's left knee which was more pronounced than usual for someone of petitioner's age because of a prior injury involving a torn anterior cruciate ligament for which petitioner had had surgery in 1977. Although he indicated that the September 26, 1996 incident likely aggravated petitioner's preexisting condition, he did not believe it resulted in a permanent aggravation and opined that, regardless of the accident, the course of petitioner's degenerative arthritis would have resulted in his disability. Inasmuch as Benton's testimony provided substantial evidence supporting the determination at issue, we find no reason to disturb it despite the existence of evidence that would support a contrary conclusion (see e.g. Matter of Clemons v McCall, 274 AD2d 654 [2000]; Matter of Lamphron v Regan, 191 AD2d 894 [1993]; cf. Matter of Thomas v Regan, 125 AD2d 125 [1987]).

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.