■ In the Matter of WILLIAM J. STEINMANN, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [794 NYS2d 514]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner began working as a police officer for the Village of Spring Valley Police Department in Rockland County in 1977. In 2001, he filed applications for accidental and performance of duty disability retirement benefits alleging that he was permanently incapacitated from performing his employment duties due to work-related injuries that he sustained to his knees and back on February 10, 1994, February 22, 1994 and September 10, 2000. Following a hearing, respondent denied petitioner's applications, finding that he had not sustained his burden of proving that his permanent disability was the natural and proximate result of these three incidents, and that the February 10, 1994 incident was not an accident within the meaning of the Retirement and Social Security Law. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul that determination.

As substantial evidence supports respondent's determination,

we confirm. The record indicates that petitioner had preexisting arthritis in his left knee at the time that he sought treatment for his alleged injuries in 1994. Following the 2000 incident, surgery also revealed arthritis in petitioner's right knee that ranked moderate to severe. Mark Medici, petitioner's treating physician, testified that these arthritic changes took years to develop and were unlikely the result of any particular injury. Although Medici stated that the trauma of the incidents may have worsened the arthritis, Robert Hendler, the examining physician for the State and Local Employees' Retirement System, opined that such advanced arthritis was not a posttraumatic development but had progressed gradually over time and was secondary to petitioner's weight problem. While Hendler noted that the intervening trauma may have temporarily aggravated the pain that petitioner was experiencing, he concluded that this pain would have resolved following petitioner's surgery and that there was no traumatically-induced pathology evident in studies of petitioner's knees. Finally, Hendler also testified that an examination of petitioner's lumbar spine showed mild degenerative changes but an otherwise normal range of motion, and there was no objective evidence of radiculopathy.

Despite other evidence in the record that may support a contrary result, it was within respondent's authority to weigh the conflicting medical opinions and resolve any dispute by according greater weight to the testimony of the Retirement System's expert (see Matter of Clemons v McCall, 274 AD2d 654, 655 [2000]; Matter of Sepanara v New York State & Local Employees' Retirement Sys., 272 AD2d 830, 830-831 [2000]). In light of the foregoing, we need not address the issue of whether the February 10, 1994 incident constitutes an accident.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.