Kavanagh, J.
Because petitioner had less than 10 years of service credit at the time he applied for disability retirement benefits, he was obliged to prove that his disability was “the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties” (Retirement and Social Security Law § 605 [b] [3]; see Matter of Gonzalez v New York State & Local Employees’ Retirement Sys., 79 AD3d 1562, 1563 [2010]). The Comptroller’s determination on the issue of causal relationship will be upheld if supported by substantial evidence in the record and, in that regard, he credited the opinion of orthopedic surgeon Edward Toriello that petitioner’s disability was unrelated to the attack (see Matter of Hilson v Hevesi, 16 AD3d 895, 895 [2005]; Matter of Paront v New York State Employees’ Retirement Sys., 205 AD2d 1008, 1009 [1994]). Indeed, after examining petitioner and reviewing his medical records, Toriello concluded that petitioner’s disabil *1210 ity stemmed from degenerative changes caused by his obesity. While medical evidence to the contrary was presented, the Comptroller was free to rely upon Toriello’s opinion and, thus, substantial evidence supports the determination at issue (see Matter of Hilson v Hevesi, 16 AD3d at 895-896).*
Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Inasmuch as our review is confined to the facts and record before the Comptroller, we decline to consider medical evidence provided by petitioner for the first time in this proceeding (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of World Buddhist Ch’An ding Ctr., Inc. v Schoeberl, 45 AD3d 947, 951 [2007]).