Matter of Dowling v Gardner (2021 NY Slip Op 05380)





Matter of Dowling v Gardner


2021 NY Slip Op 05380


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

532824
[*1]In the Matter of Karen G. Dowling, Petitioner,
v
Colleen C. Gardner, as Executive Deputy Comptroller, Respondent.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

John F. Clennan, Ronkonkoma, for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's applications for accidental and performance of duty disability retirement benefits.
In 2013, petitioner, a police detective, filed applications for accidental and performance of duty disability retirement benefits that were denied on various grounds. Petitioner requested a hearing and redetermination and, at the outset of the hearing, the parties agreed that she was permanently incapacitated from the performance of her duties and that a 1995 incident in which petitioner was injured constituted an accident within the meaning of Retirement and Social Security Law § 363. The question, in relevant part, was whether the cervical spine condition that led to left shoulder and arm pain in 2009 and eventually became disabling was causally related to that accident. Medical evidence on whether a link existed between the 1995 accident and petitioner's disability included the report, addendum and testimony of neurologist Richard Pearl, who opined that it did not after examining petitioner and reviewing her records. The proof also included a report from orthopedic surgeon John Killian and a report and deposition testimony from orthopedic surgeon Stuart Kandel, the latter of whom had examined petitioner in connection with her related workers' compensation claim, who both shared Pearl's opinion. Petitioner served a subpoena upon Killian to obtain his testimony, then unsuccessfully moved to strike his report when he failed to appear. At the conclusion of the hearing, the Hearing Officer upheld the denial of petitioner's applications because, as is relevant here, her disability was not causally related to the 1995 accident. The Comptroller adopted the Hearing Officer's findings and conclusions, and this CPLR article 78 proceeding ensued.
We confirm. Petitioner first argues that she was deprived of a fair hearing by the consideration of Killian's report despite his failure to appear for testimony, but due process affords only "a limited right to cross-examine adverse witnesses in administrative proceedings" (Matter of Gordon v Brown, 84 NY2d 574, 578 [1994]; see Matter of Mazzotte v DiNapoli, 70 AD3d 1233, 1234 [2010]). The record here reflects that petitioner did not seek judicial enforcement of Killian's subpoena and was able to cross-examine Pearl, who shared Killian's view that there was no causal link between the 1995 accident and her disability, regarding the basis for his opinion (see Matter of Gordon v Brown, 84 NY2d at 579; Matter of Kosich v New York State Dept. of Health, 49 AD3d 980, 983 [2008], appeal dismissed 10 NY3d 950 [2008]). Moreover, the Hearing Officer apparently accepted petitioner's arguments as to why Killian's report was entitled to little weight and only relied upon it as corroboration for the consistent opinion of Pearl. Under those circumstances[*2], petitioner was not deprived of a fair hearing by Killian's absence, and it was not an abuse of discretion for the Hearing Officer to leave Killian's report in evidence and assess his refusal to appear "in the context of the weight to be accorded to the document, not its admissibility" (Matter of Swick v New York State & Local Employees' Retirement Sys., 213 AD2d 934, 935 [1995]; see Matter of Ruggiero v New York State Comptroller, 159 AD3d 1212, 1214 [2018]; Matter of Staley v New York State & Local Retirement Sys., 290 AD2d 721, 722 [2002]).
Petitioner failed to raise any objection to an addendum to Pearl's report — an addendum that, contrary to petitioner's suggestion, was prepared before the hearing, placed into evidence at it and referenced in Pearl's testimony — and her present argument regarding its admissibility is therefore unpreserved (see Matter of Kutzma v New York State Comptroller, 90 AD3d 1291, 1292 [2011]; Matter of Murray v New York State Comptroller, 84 AD3d 1681, 1681-1682 [2011]). Further, assuming without deciding that petitioner's argument regarding the Comptroller's consideration of Kandel's report and testimony is properly before us despite her having first raised it in her posthearing memorandum of law, it is unavailing (compare Matter of Morales v Fischer, 89 AD3d 1346, 1347 [2011], with Matter of Murray v New York State Comptroller, 84 AD3d at 1681-1682). Although "one administrative agency's determination of an issue is not necessarily binding on another agency's consideration of the issue in a different proceeding," nothing barred the Comptroller from considering medical evidence offered in a different proceeding if it was relevant to the "key issue of whether petitioner's disability was causally related to the 1995" accident (Matter of Hofmann v New York State Comptroller, 80 AD3d 871, 872 [2011]; see Matter of Browne v DiNapoli, 85 AD3d 1535, 1536 [2011]; cf. Matter of Snyder v New York State Employees' Retirement Sys., 43 AD2d 871, 871 [1974], lv denied 34 NY2d 519 [1974]).
Finally, to the extent that petitioner advances the issue in her brief, substantial evidence supports the determination that the 1995 accident "was not the natural and proximate cause of petitioner's disability" (Matter of Clemons v McCall, 274 AD2d 654, 655 [2000]). The Comptroller was free to credit Pearl's detailed opinion as to causality, shared by Killian and Kandel, over the conflicting one offered by petitioner's treating orthopedist (see Matter of Steinmann v Hevesi, 18 AD3d 1011, 1012 [2005], lv denied 5 NY3d 710 [2005]; Matter of Clemons v McCall, 274 AD2d at 655).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.