■ In the Matter of ROBERT BIERENBAUM, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 438]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Benza, J.), entered March 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's request to participate in the family reunion program.

In 2000, petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was convicted of the 1985 murder of his wife and was sentenced to a prison term of 20 years to life (*People v Bierenbaum*, 301 AD2d 119, 122 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). Prior to his indictment in 1999, petitioner married his current wife and had a daughter. In December 2001, petitioner applied for participation in the

family reunion program (hereinafter FRP) with his wife, daughter and his parents. His application was disapproved and he was informed that, due to the nature of his·crime, he was required to successfully complete an anti-aggression program before he would be further considered for participation in the FRP. In February 2003, petitioner, having completed the anti-aggression program, reapplied for participation in the FRP. His application was approved for participation with his parents only. After petitioner received no response to a letter he allegedly wrote requesting clarification and reconsideration of the decision by the Director for the Office of Ministerial and Family Services, he commenced this CPLR article 78 proceeding challenging respondent's denial of participation in the FRP with his wife and daughter. Supreme Court dismissed the petition, resulting in this appeal.

Generally speaking, participation in the FRP is a privilege, not a right (*see Matter of Doe v Coughlin*, 71 NY2d 48, 55-56 [1987], *cert denied* 488 US 879 [1988]; *Matter of Mercer v Goord*, 258 AD2d 960, 960 [1999], *lv denied* 93 NY2d 812 [1999]) and respondent's denial of a request to participate in the FRP will be upheld if it has a rational basis (*see Matter of Couser v Goord*, 1 AD3d 663, 664 [2003]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). We note, however, that our review of the denial is limited to the grounds invoked by respondent and " '[i]f those grounds are inadequate or improper, [we are] powerless to affirm the administrative action by substituting what [we] consider[ ] to be a more adequate or proper basis' " (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991], quoting *Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 913 [1977]; *see Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.*, 75 NY2d 997 [1990]). This is so because the "[f]ailure of the agency to set forth an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and deprives the petitioner of his statutory right to such review" (*Matter of Montauk Improvement v Proccacino, supra* at 914). On the record before us, the failure of the agency to state its reason or the factual basis for the ultimate denial of petitioner's application to participate in the FRP with his wife and daughter—as even its own regulations arguably require it to do (*see* 7 NYCRR 220.4 [b] [5]; 220.5 [a] [1])—prevents us from assessing whether that denial is rational. We have considered the parties' remaining arguments and find them to be either rendered academic by our decision or otherwise meritless.

Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the

judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.