■ In the Matter of PETER CANTONE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [855 NYS2d 728]—Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In 1997, petitioner was injured when he tripped and fell over wire spools while attempting to close a water valve at a municipal water treatment plant. Respondent, finding that petitioner had not sustained an accident within the meaning of Retirement and Social Security Law § 63, denied his subsequent application for accidental disability retirement benefits. This Court annulled that determination, finding that petitioner's fall did constitute an accident and remitted the matter to respondent (*Matter of Cantone v McCall*, 289 AD2d 863 [2001]). Following additional hearings, the Hearing Officer denied petitioner's application, finding that he is not permanently incapacitated from performing his regular job duties. Respondent made a supplemental finding of fact, but upheld the Hearing Officer's decision. Petitioner thereafter commenced this CPLR article 78 proceeding, challenging the determination.

Respondent now concedes that the Hearing Officer, when determining if petitioner was permanently disabled as a result of his accident, never considered testimony taken at hearings held in 1999. Notably, this testimony included that of petitioner and petitioner's treating physician. Furthermore, the supplemental findings of fact failed to address the apparent oversight. As the Hearing Officer failed to consider the bulk of petitioner's medical evidence, we find that the decision lacked an adequate statement of the factual basis for denying the application and, therefore, we are prevented from determining whether respondent's conclusions have a rational basis in the record (*see Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]; *Matter of Bierenbaum v Goord*, 13 AD3d 945, 946

[2004]). Accordingly, the determination must be annulled. Petitioner's remaining contentions have been considered and found to be either unpersuasive or academic.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.