In the Matter of PAUL MAZZOTTE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [894 NYS2d 584]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, who was a correction officer for more than 20 years, applied for performance of duty disability retirement benefits in 2001 after undergoing coronary artery bypass surgery. He alleged that he was permanently disabled by coronary artery disease caused by the stress of his employment responsibilities, which included dealing with inmate riots, threats and attacks, a "contract being placed on [his] life" by inmates, and administrative pressures. Petitioner was found to be permanently disabled, but his application was denied on the ground that his disability was not sustained as a result of the performance of his duties. Following a hearing requested by petitioner, the Hearing Officer determined that petitioner was totally disabled, but that his disability was congenital. Respondent accepted the Hearing Officer's determination and denied petitioner's application. Petitioner commenced this CPLR article 78 proceeding to annul this determination, and the matter was transferred to this Court by Supreme Court.

As petitioner contends and respondent concedes, the Hearing Officer's written decision contains significant factual errors. The decision incorrectly states that petitioner had diabetes and high blood pressure, when there was no evidence that he had either condition. The decision further indicates that an expert physician for the New York State and Local Employees' Retire-

ment System testified regarding his 2001 examination, when in fact the expert's written report was admitted into evidence without testimony. In view of these errors, we may not consider petitioner's contention that the Retirement System's evidence was insufficient to meet its burden to rebut the "heart presumption" (*see* Retirement and Social Security Law § 507-b [c]; *Matter of Parcell v Office of N.Y. State Comptroller*, 29 AD3d 1075, 1075 [2006]). Our review of respondent's determination is limited to the grounds on which it relied; when that basis is inadequate, we may not substitute other grounds (*see Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 913-914 [1977]). Respondent's failure to set forth an adequate—or, as here, accurate—statement of the factual basis for its determination forecloses fair judicial review (*see id.*; *Matter of Cantone v DiNapoli*, 50 AD3d 1307, 1307-1308 [2008]; *Matter of Bierenbaum v Goord*, 13 AD3d 945, 946 [2004]; *see also Matter of Lasher v McCall*, 304 AD2d 1016 [2003]). Thus, "the appropriate remedy is to annul the determination and remit the matter to respondent to render a determination that is sufficient to permit our review" (*Matter of Johnson v McCall*, 281 AD2d 730, 731 [2001]).

We further agree that petitioner should have an opportunity to cross-examine the Retirement System's expert physician. Although the right of cross-examination is limited in administrative proceedings (*see Matter of Gordon v Brown*, 84 NY2d 574, 578 [1994]; *Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 983 [2008], *appeal dismissed* 10 NY3d 950 [2008]), the Retirement System originally intended to offer the expert testimony and, on review, does not object to petitioner's request.* We note with some concern that providing this opportunity will necessitate additional delay in this already protracted matter (commenced in 2001). Accordingly, this testimony should be rescheduled forthwith upon remittal.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

---

* The Retirement System indicated at the March 2004 hearing that it intended to present the expert's testimony. The hearing was adjourned for that purpose and the expert was scheduled to testify in October 2005. Upon the expert's failure to appear on that date, the Retirement System stated that it would reschedule his testimony, but never did so. In November 2005, petitioner moved to strike the expert's report from the record and preclude his testimony. There was no response, and the determination later rendered apparently did not address this application.