██ In the Matter of JOHN L. FOCHI, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [915 NYS2d 166]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits in January 2007 alleging that he was permanently disabled due to neck and back injuries that he sustained six years earlier while attempting to restrain an inmate. After his application was initially disapproved, petitioner requested a redetermination and hearings were held.

Thereafter, a Hearing Officer ruled that petitioner failed to satisfy his burden of establishing that his disability* was caused by the 2001 incident (see Retirement and Social Security Law § 607-c) and denied his application. Respondent Comptroller accepted the Hearing Officer's findings of fact and conclusions of law, prompting this CPLR article 78 proceeding.

We confirm. Initially, petitioner asserts that the Comptroller improperly relied upon the written reports of Leon Sultan, an orthopedic surgeon who examined petitioner at the request of respondent New York State and Local Employees' Retirement System but did not testify at the hearings. However, in addition to failing to object to the admission of Sultan's reports at the initial hearing, petitioner's counsel specifically inquired—at a subsequent hearing—whether Sultan would be called to testify. Upon being informed that Sultan would not, petitioner did not object or request that he be allowed to cross-examine the physician. Accordingly, petitioner has no basis upon which to now challenge the admissibility of Sultan's reports, Sultan's credentials or his purported inability to subject Sultan to cross-examination (see Matter of Feldon v New York State Comptroller, 69 AD3d 1092, 1092 [2010], lv denied 15 NY3d 702 [2010]; Matter of Fratello [M & R Consumer Goods—Commissioner of Labor], 271 AD2d 880, 880 [2000]; cf. Matter of Mazzotte v DiNapoli, 70 AD3d 1233, 1234 n [2010]).

Turning to the merits, it is axiomatic that the Comptroller "possesses the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Freund v Hevesi, 34 AD3d 950, 950 [2006]; see Matter of Neely v DiNapoli, 71 AD3d 1367, 1369 [2010]). Here, Sultan opined that the changes he observed in the lumbar, thoracic and cervical regions of petitioner's spine were caused by age-related degeneration rather than as the result of the trauma he experienced in 2001. In doing so, Sultan provided a comprehensive summary of the physical examination he performed on petitioner, while also noting that petitioner returned to full duty five days after the incident and worked in that capacity—without restriction—in excess of the ensuing four years. Accordingly, the Comptroller's decision is supported by substantial evidence and we perceive no basis upon which to disturb it, even though the record contains evidence that might

---

* Respondent New York State and Local Employees' Retirement System conceded that petitioner was permanently incapacitated from the performance of his duties.

support a different result (*see Matter of Lata v Hevesi*, 39 AD3d 1131, 1132-1133 [2007]; *Matter of Wawrzynek v New York State & Local Retirement Sys.*, 291 AD2d 627, 628 [2002]).

Finally, notwithstanding petitioner's contentions otherwise, the Comptroller's determination may be founded on hearsay evidence alone (*see Matter of Johnsen v New York State Police & Fire Retirement Sys.*, 246 AD2d 784, 786 [1998], *lv denied* 91 NY2d 814 [1998]; *Matter of Hamlet v McCall*, 222 AD2d 883, 883 [1995]), and we are unpersuaded that the Hearing Officer's decision included a factual mistake sufficient to warrant reversal.

Mercure, J.P., Peters, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

