■ In the Matter of KEVIN M. STROMMER, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [915 NYS2d 764]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's applications for enhanced and accidental disability retirement benefits.

Petitioner was enrolled at the State Police Academy in 1989 when he sustained severe head trauma as the result of an off-duty motor vehicle accident. Ultimately, he returned to the academy and graduated in 1994. In 2004, petitioner's employer filed an application on behalf of petitioner for disability retirement benefits alleging that petitioner was permanently disabled as a result of impaired judgment and impulsivity caused by severe head trauma sustained in the off-duty motor vehicle accident. The Comptroller approved the application. Petitioner then filed an application for accidental disability retirement benefits, relying on injuries sustained as a result of on-duty motor vehicle accidents in 1995 and 1999 and a struggle with an intoxicated arrestee in 2004. After a hearing, the Comptroller denied that application, as well as petitioner's request for enhanced State Police disability benefits. Petitioner commenced this proceeding challenging that determination.

Petitioner now argues only that the Comptroller erred in concluding that the 1995 accident was not the proximate cause of his disablement. In support of his application, petitioner testified that, as a result of the 1995 accident, he struck his head on the steering wheel, lost consciousness and developed seizures six months later. The seizures were resolved with medication, which petitioner ceased taking in 2001. Petitioner's treating neurologist opined that the "relatively minor" head trauma sustained by petitioner in 1995 directly contributed to his problems with impulsivity and impaired judgment. On the other hand, the neurologist who examined petitioner for respondent took a contrary view, opining that the 1995 accident was

unrelated to petitioner's current situation. This neurologist considered the relevant medical records but dismissed the 1995 accident as a cause of any disability because petitioner lost no time from work as a result, a neurosurgical review conducted shortly thereafter was limited to a neck injury and did not refer to any head trauma and, at the time of the neurologist's 2005 examination, petitioner offered no complaint of any problems related to the accident. Contrary to petitioner's claim, the examining neurologist's opinion constitutes substantial evidence, and the Comptroller is exclusively authorized to weigh and credit one expert's opinion over that of another (*see Matter of Matthews v DiNapoli*, 58 AD3d 1049, 1050 [2009]; *Matter of Mazzei v Hevesi*, 45 AD3d 1103, 1104 [2007]). As the Comptroller's determination is based on substantial evidence, we will not disturb it (*see Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]; *Matter of Morgan v Hevesi*, 46 AD3d 1007, 1008 [2007], *lv denied* 11 NY3d 701 [2008]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.