■ In the Matter of Robert J. Slaughter, Petitioner, v New York State Office of the State Comptroller, Respondent. [925 NYS2d 270]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's applications for accidental and State Police disability retirement benefits.

Petitioner, a State Trooper, was injured when he slipped and fell while investigating a motor vehicle accident in November 2002. Petitioner applied for State Police and accidental disability retirement benefits. Both applications were denied and petitioner sought a hearing and redetermination. The Hearing Officer also denied petitioner's applications. Upon review, the Comptroller determined that petitioner is not permanently incapacitated from the performance of his duties as a trooper and, accordingly, denied his applications, prompting petitioner to commence this CPLR article 78 proceeding.

It is within the exclusive province of the Comptroller to weigh conflicting medical evidence and credit one expert's opinion over that of another (see Matter of Strommer v New York State & Local Police & Fire Retirement Sys., 80 AD3d 1113, 1114

[2011], *lv denied* 16 NY3d 712 [2011]; *Matter of Fochi v New York State Comptroller*, 78 AD3d 1460, 1461 [2010], *lv denied* 16 NY3d 707 [2011]; *Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 922 [2008]). Here, the medical experts upon whom the Comptroller chose to rely offered opinions based upon their physical examinations of petitioner and review of his medical records (*see Matter of Fochi v New York State Comptroller*, 78 AD3d at 1461; *Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d at 923). Christopher Calder—a doctor specializing in neurology who performed an independent medical examination of petitioner—opined, among other things, based upon articulated facts, that "[t]here was no objective or consistent evidence of a neurologic condition which would permanently preclude [petitioner] from performing the duties of a New York State Trooper." Sashi Patel, an orthopedic surgeon, also reviewed petitioner's medical records and performed an independent examination of petitioner. While his opinion could have been better articulated, we defer to the Comptroller's reasonable interpretation of Patel's report as stating that he did not find petitioner to be permanently disabled from performing his regular employment duties. As such, based upon our reading of the record as a whole, we find that these reports constitute substantial evidence to support the Comptroller's determination. Therefore, we decline to disturb such determination, despite the existence of evidence in the record that would support a different outcome (*see Matter of Fochi v New York State Comptroller*, 78 AD3d at 1461-1462; *Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d at 923; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723-724 [2004]). In view of the foregoing, petitioner's remaining contentions need not be addressed (*see Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]; *Matter of Achatz v New York State & Local Police & Fire Retirement Sys.*, 239 AD2d 857, 858 [1997]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.