Matter of Selke v New York State Comptroller (2019 NY Slip Op 07129)





Matter of Selke v New York State Comptroller


2019 NY Slip Op 07129


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

528407

[*1]In the Matter of Jerome Selke, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's applications for accidental and State Police disability retirement benefits.
Petitioner, a state trooper, was on patrol on December 5, 2003 when his marked police cruiser was struck in the rear by another vehicle. He injured his left shoulder, had surgery on it and was eventually restored to full duty. On January 20, 2014, also while on duty, petitioner heard a concerning noise coming from his car and he pulled over to investigate the sound. He eventually discovered that the sound was due to the spare tire being improperly secured in the trunk, which he noted was a routine occurrence. While attempting to secure the tire, which he reported he had done numerous times during the course of his employment, petitioner sustained an injury to his left shoulder and neck. After this second injury, petitioner never returned to full duty.
In January 2015, petitioner filed an application for accidental disability retirement benefits alleging that he is permanently disabled as a result of the two incidents. His application was denied based on a finding that he is not permanently incapacitated and that the January 2014 incident does not constitute an accident within the meaning of the Retirement and Social Security Law. Petitioner also filed an application for State Police disability retirement benefits alleging that the January 2014 incident alone rendered him permanently disabled. That application was also denied based on a finding that he is not permanently incapacitated. Following a hearing,[FN1] a Hearing Officer upheld the denial of both applications. Respondent Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
Petitioner, as the applicant, bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1140 [2019], lv denied 33 NY3d 904 [2019]; Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304 [2018]). For purposes of the Retirement and Social Security Law, an accident has been defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citations omitted]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). An "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d at 682; see Matter of Stancarone v DiNapoli, 161 AD3d 144, 147 [2018]). Petitioner testified that he had adjusted spare tires in police vehicles "numerous times" during his years as a state trooper, as it was a "routine" part of his job duties, and he further testified that he was aware that his vehicle's spare tire was unsecured in the trunk before he took any action to move it. We therefore find that the Comptroller's determination that the January 2014 incident was not an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence (see Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1109 [2018]; Matter of Ryan v DiNapoli, 143 AD3d 1030, 1031-1032 [2016], lv denied 29 NY3d 908 [2017]; Matter of Mace v DiNapoli, 137 AD3d 1448, 1449-1450 [2016]; Matter of Scarselli v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1136, 1137 [2014]).
As to permanent disability, it was again petitioner's burden to demonstrate that he is permanently incapacitated from performing his job duties (see Matter of Dee v DiNapoli, 154 AD3d 1042, 1043 [2017]; Matter of Del Peschio v DiNapoli, 139 AD3d 1298, 1299 [2016]). Where, as here, there are conflicting medical opinions, "the Comptroller is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over the other" (Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [2019] [internal quotation marks and citation omitted]; see Matter of Studdert v New York State Comptroller, 163 AD3d 1343, 1345 [2018]), provided that the credited expert articulates "a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Petras-Ross v DiNapoli, 169 AD3d 1130, 1131 [2019] [internal quotations marks and citations omitted]; see Matter of Rawson v DiNapoli, 150 AD3d 1606, 1606 [2017]).
Petitioner's board-certified, treating orthopedic surgeon, Stuart Cherney, testified that petitioner is permanently disabled, primarily as a result of the January 2014 incident, and, because petitioner would be unable to do any heavy lifting or defend himself or others, it was Cherney's opinion that petitioner was unable to work as a state trooper. Cherney explained that petitioner suffered from straightening of the cervical spine, multilevel disc herniations with spinal stenosis and decreased range of motion in the neck, as well as "mild to negligible" left shoulder symptoms. It was also established, however, that, at the time of the hearing, petitioner was only taking anti-inflammatory medication and engaging in physical therapy for the injuries, and Cherney noted that he had no additional treatment plans for petitioner unless his symptoms were to worsen. A second board-certified orthopedic surgeon, Edward Toriello, conducted an independent medical examination of petitioner on behalf of respondent New York State and Local Police and Fire Retirement System. After a physical examination of petitioner, review of his medical records and consideration of petitioner's subjective complaints of a pulling sensation in his left shoulder and neck, Toriello concluded that the evidence revealed only a resolved cervical spine strain and resolved left shoulder contusion. Toriello's report reflects almost entirely normal range of motion in petitioner's neck and shoulder. Accordingly, Toriello opined that petitioner is not permanently disabled or incapable of performing the duties of a state trooper.
Contrary to petitioner's contention that the hearsay evidence contained in the report of the Retirement System's surgeon cannot prevail over the credible, sworn testimony of his witness, "hearsay is admissible as competent evidence in an administrative proceeding, and[,] if sufficiently relevant and probative[,] may constitute substantial evidence even if contradicted by live testimony" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; see Matter of Perez v New York State Justice Ctr. for the Protection of People with Special Needs, 170 AD3d 1290, 1291 [2019]; Matter of Stevens v DiNapoli, 155 AD3d 1294, 1296 [2017]). As it is not the role of this Court to weigh the evidence and substitute its judgment for that of the administrative factfinder, and as the record as a whole contains substantial evidence to support the denial of petitioner's application, the Comptroller's finding that petitioner is not permanently incapacitated will not be disturbed (see Matter of Solarino v DiNapoli, 171 AD3d at 1436-1437; Matter of Califano v DiNapoli, 147 AD3d 1177, 1179 [2017]; Matter of Slaughter v New York State Off. of the State Comptroller, 85 AD3d 1438, 1439 [2011]; compare Matter of Portmore v New York State Comptroller, 152 AD3d 945, 947 [2017]). Petitioner's remaining contentions, to the extent they are preserved, have been found to lack merit.
Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Respondent New York State and Local Police and Fire Retirement System conceded that the December 2003 incident was an accident within the meaning of the Retirement and Social Security Law.