Matter of Scherzi Sys., LLC v White (2021 NY Slip Op 05143)





Matter of Scherzi Sys., LLC v White


2021 NY Slip Op 05143


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532206
[*1]In the Matter of Scherzi Systems, LLC, Petitioner,
v
Valerie White, as Executive Director of the Division of Minority and Women's Business Development, et al., Respondents.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Hancock Estabrook, LLP, Syracuse (James P. Youngs of counsel), for petitioner.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondents.



Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Executive Director of the Division of Minority and Women's Business Development denying petitioner's application for certification as a woman-owned business enterprise.
In April 2017, petitioner applied to the Division of Minority and Women's Business Development of respondent Department of Economic Development (hereinafter the Division) for certification as a woman-owned business enterprise (hereinafter WBE), averring that, as of January 1, 2014, Dana Scherzi, the wife of petitioner's founder, James Scherzi, had acquired 51% of petitioner's shares and assumed, among other positions, the title of chief executive officer. The Division denied the application on the grounds that petitioner failed to demonstrate that Dana Scherzi (1) contributed money, property, equipment or expertise proportionate to her equity interest in the business (see 5 NYCRR former 144.2 [a] [1]), (2) made decisions pertaining to the operation of the business (see 5 NYCRR former 144.2 [b] [1]), and (3) had adequate managerial experience or technical competence and the working knowledge and ability to operate a custom software development business (see 5 NYCRR former 144.2 [b] [1] [i], [ii]).[FN1]
Petitioner administratively appealed and, following a hearing, an Administrative Law Judge (hereinafter ALJ) issued a report recommending reversal of the Division's determination and the grant of petitioner's application. Respondent Executive Director of the Division (hereinafter the Director) rejected the ALJ's recommendation and issued a final determination denying petitioner's application for certification as a WBE. Petitioner thereafter commenced this CPLR article 78 proceeding to annul the Director's determination, and Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
As relevant here, a WBE is an enterprise that is at least 51% owned by one or more women whose ownership interest "is real, substantial and continuing" in that one or more women "exercise[] the authority to control independently the day-to-day business decisions of the enterprise" (Executive Law § 310 [15] [a]-[c]; see 5 NYCRR former 144.2). In rendering a WBE eligibility determination, the Director must consider, among other things, whether a woman owner's contribution is "proportionate to [her] equity interest in the business enterprise, as demonstrated by, but not limited to, contributions of money, property, equipment or expertise" (5 NYCRR former 144.2 [a] [1]), whether she makes decisions "pertaining to the operations of the business enterprise" (5 NYCRR former 144.2 [b] [1]), and whether she has "adequate managerial experience or technical competence" and "the working knowledge and ability needed to operate the business enterprise" (5 NYCRR former 144.2 [b] [1] [i], [ii]).
Petitioner contends that the determination [*2]should be annulled because the Director refused to consider the testimonial evidence introduced at the administrative hearing in assessing the regulatory factors, and we agree. As relevant here, following a determination denying an application for certification as a WBE, the applicant is, upon written request, entitled to an administrative hearing before an independent hearing officer (see Executive Law § 314 [3]; 5 NYCRR former 145.1). The hearing officer must thereafter conduct the hearing based upon the information included in the request for a hearing as it relates to the information that was provided by the applicant with its certification application, and each party must be accorded a full opportunity to present evidence, including calling witnesses and cross-examining other parties and their witnesses (see 5 NYCRR former 144.5 [a]; former 145.1 [l], [n]; see also Executive Law § 314 [3]). The hearing officer may also "request additional information and take other actions necessary to make an informed decision" (5 NYCRR former 144.5 [a]), which ultimately must be based upon his or her "consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with substantial evidence" (State Administrative Procedure Act § 306 [1]).
The proof adduced at the administrative hearing was highly relevant to the issue of whether petitioner met the criteria for WBE certification. First, although Dana Scherzi did not make a monetary capital contribution in exchange for her 51% equity interest, a monetary capital contribution was not required to establish her proportionate ownership interest in the business (see 5 NYCRR former 144.2 [a] [1]), and there was proof demonstrating her nonmonetary capital contributions, i.e., property, equipment or expertise, that had not been requested in the certification application (see 5 NYCRR former 144.2 [a] [1]).[FN2] Dana Scherzi detailed in a letter submitted after the application how she had a relevant skill set, distinct from that of James Scherzi, that allowed her to bill at a higher rate and rendered her "professional contribution" to the business superior to his. Petitioner further submitted documentation detailing Dana Scherzi's experience and expertise, including a copy of her resume, professional certifications, awards, a list of her duties and responsibilities and a description of her day-to-day involvement in petitioner's business operations. These documents revealed her extensive experience in information technology, software development and program/project management, which go directly to the core revenue generating functions of petitioner's business, namely, custom software development, information technology consulting and management consulting. As set forth at the hearing, the significant increase in petitioner's gross receipts following her 2014 assumption of ownership and management of the business was attributable to [*3]her experience and skills.
Petitioner further illustrated how Dana Scherzi had the "managerial experience or technical competence" and "the working knowledge and ability needed to operate the business enterprise" and, indeed, exercised independent control over petitioner's daily business decisions (5 NYCRR former 144.2 [b] [1] [i], [ii]). The application identified Dana Scherzi as being responsible for all 12 categories of managerial operations listed therein, and it emerged at the hearing that, although James Scherzi was identified in the application as sharing responsibility for certain managerial operations, he had no prior managerial experience, took no part in the day-to-day management of the business, and was only listed in such capacity as Dana Scherzi's "backup" should she be unavailable to fulfill her managerial obligations. Further, although James Scherzi also had the authority to sign certain documentation on behalf of petitioner, the hearing proof showed that no such documents were signed without Dana Scherzi's oversight and final approval.
The ALJ found the foregoing compelling and recommended granting petitioner's application but, in rejecting that recommendation, the Director limited her consideration of the facts to those materials that were provided in support of the application and disregarded the hearing testimony of Dana Scherzi and James Scherzi. Specifically, the Director ruled that reaching "[a]ny other conclusion, based on testimony at the hearing, that was not part of the application, [wa]s insufficient to meet the substantial evidence standard, as it would be improperly considered facts not in evidence; and, therefore, irrelevant." However, it is not only appropriate for an agency to consider the testimony offered at an administrative hearing in rendering its determination (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]; see also Matter of A.A.C. Contr., Inc. v New York State Dept. of Economic Dev., 195 AD3d 1284, 1286-1287 [2021]; Matter of Upstate Elec., LLC v New York State Dept. of Economic Dev., 179 AD3d 1343, 1344 [2020]), it is required, as "[n]o decision, determination or order shall be made except upon consideration of the record as a whole" (State Administrative Procedure Act § 306 [1]; see CPLR 7803 [4]; 5 NYCRR former 144.5 [a]). This is particularly the case where, as here, the hearing testimony at issue did not constitute new evidence previously unavailable at the time of the application but, instead, served to explain and clarify technical terms and documentation that petitioner had submitted as part of its application demonstrating that Dana Scherzi was the majority owner of the business.[FN3] As the Director failed to consider the testimony presented at the administrative hearing, her determination lacked an adequate factual basis (see Matter of Cantone v DiNapoli, 50 AD3d 1307, 1307-1308 [2008]). Accordingly, the determination must be annulled and the matter remitted [*4]to the Director to issue a new determination on all the evidence presented (see Matter of Mazzotte v DiNapoli, 70 AD3d 1233, 1234 [2010]; Matter of Cantone v DiNapoli, 50 AD3d at 1307-1308).
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to the Division of Minority and Women's Business Development of respondent Department of Economic Development for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The regulations in place at the time that Dana Scherzi became majority owner of petitioner have since been amended and renumbered, but "we apply the regulations as they existed at the time of" the challenged determination (Matter of Wood v Axelrod, 203 AD2d 645, 646 n 2 [1994]).

Footnote 2: Notably, in a prior determination involving a similar, yet unrelated, application for WBE certification, Matter of PamTen, Inc. (NY Dept of Economic Dev, Div of Minority and Women's Business Dev, Final Order 18-38 [July 30, 2018], available at https://esd.ny.gov/sites/default/files/PamTenInc-FinalOrder.pdf), the Director agreed with the ALJ's recommendation to reverse the Division's denial of an application seeking WBE certification, relying, in part, upon the ALJ's finding that, if the application fails to demonstrate that a qualifying contribution of money, property, equipment or expertise was made to the business, it is incumbent on the Division to scrutinize the record for evidence of such qualifying contributions.

Footnote 3: We are unpersuaded by respondents' speculative assertion that the Director rationally reviewed all the evidence in the administrative record and simply disregarded that testimony that she found to be "irrelevant for purposes of this proceeding" (see 5 NYCRR former 145.1 [l]).